## ZEPHANIAH HUFFMAN *vs.* JOHN W. HUMMER.

1. A motion to amend a sworn answer in a material matter, must be made upon notice, and be supported by affidavits.

2. A sworn answer will not be permitted to be amended in a material particular, by an amendment inserted therein. The amendment must be made by leaving the original in its present shape, and filing a supplemental answer containing the proposed amendment.

3. An application to amend an answer is addressed to the discretion of the court. In mere matters of form, clerical mistakes or verbal inaccuracies, great indulgence is shown in allowing amendments, even in sworn answers. But applications to amend in material facts, or to change essentially the grounds taken in the original answer, are granted with great caution, and only where it is manifest that the purposes of substantial justice require it.

4. A written agreement cannot be altered by cotemporaneous parol. In such case, the instrument itself is the repository of the intention of the parties, and the only competent evidence of what their intention was.

This case came before the court on a motion to amend the answer.

*Mr. J. T. Bird,* for defendant, *ex parte,* in support of the motion.

THE CHANCELLOR. To a bill by a vendee for the specific performance of a contract for the sale and conveyance of real estate, the vendor answered, admitting the contract and setting up matters in avoidance of the obligation to perform.

z *

The defendant now moves to amend his answer on file, by inserting therein the following averments, viz. that the written agreement does not contain the whole agreement entered into between the parties respecting the sale and conveyance of the land; that it was a part of the contract, though not contained in their written agreement, ("it being deemed unnecessary by them to insert it therein,") that the defendant reserved to himself the crops of grain upon the premises, and the right to enter at all times to gather and remove the same.

There are two fatal objections to the application in its present form.

1. A motion to amend a sworn answer in a material matter, must be made upon notice, and be supported by affidavits. *Vandervere* v. *Reading*, 1 *Stockt.* 446; *Smith* v. *Babcock*, 3 *Sumner* 584; *Liggon* v. *Smith*, 4 *Hen. & Mun.* 407; 3 *Daniell's Ch. Pr.* 915; 1 *Smith's Ch. Pr.* 270.

The necessity of conforming to the practice in this particular, is sought to be avoided by an averment in the order for leave to amend, that the complainant's solicitor admitted the same to be true, and that the defendant's solicitor alleged that the averment was omitted in the answer by the mistake of the solicitor and counsel of the defendant. The complainant's counsel was understood to admit that his client did not claim the growing crops, and that the defendant had been, or would be permitted to gather them without objection. If this be the extent of the admission, it affords no sufficient ground for the order asked for. And whether it is, or is not, a correct view of the admission made by counsel, it is obvious that it would be unsafe, in practice, to base upon the admission of counsel not made expressly in reference to the order sought to be founded upon it, any order materially affecting the rights of his client. The admission should be in writing, or the attention of counsel should be called, and his assent obtained, to the extent and limitations of the admission alleged to have been made.

The mere statement of the defendant's counsel that the

omission of the defendant's answer was by his mistake, cannot supply the defendant's affidavits. The question is not, how it happened that the answer was drawn in its present form, but how it occurred that the defendant swore to a state of facts, as it is now alleged, materially variant from the truth.

2. A sworn answer will not be permitted to be amended in a material particular, by an amendment inserted therein. The amendment must be made by leaving the original in its present shape, and filing a supplemental answer containing the proposed amendment. *Dolder* v. *Bank of England*, 10 *Vesey* 284; *Wells* v. *Wood*, *Ibid.* 401; *Edwards* v. *McLeay*, 2 *Vesey & B.* 256; *Bowen* v. *Cross*, 4 *Johns. Ch. R.* 375; *Vandervere* v. *Reading*, 1 *Stockt.* 449; 2 *Daniell's Ch. Pr.* 913; 1 *Smith's Ch. Pr.* 270.

These objections are technical in their character, and as the application may be renewed in a more formal manner, it may save delay and expense, to express an opinion upon the merits of the application.

An application to amend an answer, is addressed to the discretion of the court. In mere matters of form, clerical mistakes, or verbal inaccuracies, great indulgence is shown in allowing amendments even in sworn answers. But applications to amend in material facts, or to change essentially the grounds taken in the original answer are granted, with great caution, and only where it is manifest that the purposes of substantial justice require it. *Wells* v. *Wood*, 10 *Vesey* 401; *Livesey* v. *Wilson*, 1 *Vesey & B.* 149; *Smith* v. *Babcock*, 3 *Sumner* 585; *Vandervere* v. *Reading*, 1 *Stockt.* 446.

In *Smith* v. *Babcock*, Mr. Justice Story said: "It seems to me that before any court of equity should allow such amended answers, it should be perfectly satisfied that the reasons assigned for the application are cogent and satisfactory; that the mistakes to be corrected, or the facts to be added, are made highly probable, if not certain; that they are material to the merits of the case in controversy; that the party has not been guilty of gross negligence; and that the mistakes have been ascertained, and the new facts have come to the

knowledge of the party since the original answer was put in and sworn to." And this language is quoted with approbation by the Chancellor in 1 *Stockt.* 451. Does the defendant bring his application within the operation of the rule as thus stated?

It is clear that the mistake in the case now under consideration, has not been ascertained, and that no new fact has come to the knowledge of the defendant, since the answer was sworn to. Every fact now within the knowledge of the defendant, was known to him at the time of putting in the answer, and it would tend to the encouragement of gross negligence, to permit a defendant to remould an answer, to the truth of which he had sworn, with a full knowledge of all the facts.

But it is suggested that the frame of the answer was "a mistake of the solicitor and counsel of the defendant." It is not pretended that the omission to state the fact now sought to be engrafted on the contract was a mere clerical error. Nor that counsel were ignorant of the fact alleged. If it was a mere mistake of law, it is clear that the answer cannot be amended on that ground.

But is there, in reality, any mistake whatever? The bill is filed to compel the specific performance of a written contract for the sale of land. The answer admits that such *written* contract was made, and sets up new matter in excuse of performance. The issue tendered is not upon the terms of the contract, but whether the defendant is relieved from the obligation to perform it. If he is, it is quite immaterial what its precise terms were. But the defendant now seeks to raise a new issue touching the terms of the contract, viz. that by virtue of a parol agreement between the parties, the vendor was to have the right to the growing grain. It is not alleged that the parol agreement formed, or was intended to form, any part of the written contract. On the contrary, it is alleged that it was, by design, omitted from the written contract, the parties deeming it unnecessary to insert it

therein. The written contract which the complainant seeks to enforce, is precisely what the parties intended it should be.

But it is urged that the written agreement may be altered by parol. True, if made subsequently, it may be. But if cotemporaneous with the written agreement, the instrument itself is the repository of the intention of the parties, and the only competent evidence of what their intention was.

But why amend? It may cause delay, raise a new issue, compel the complainant to amend his bill, and involve the parties in needless costs. But what practical end can it subserve? The defendant is already in possession of the crops. The complainant does not claim them; he only asks the execution of the written contract by the delivery of a deed for the premises. A deed executed now will not carry the title to a crop which has already been gathered and removed from the premises.

The answer appears to me to have been drawn with unusual care and precision, to present fairly and distinctly the very issue which the defendant designed to raise, and to omit nothing essential to the defendant's case. The amendment is uncalled for, and in no wise essential to protect the defendant's rights.

If, however, the defendant's counsel thinks otherwise, he is at liberty to renew his motion, upon proper notice and affidavits.