The United Railroad and Canal Companies et al.

*v.*

The Long Dock Company et al.

The court dismissed, for want of equity, a petition to amend an answer so as to set up in defence matters well known when the answer was filed, where the application was made after the cause had gone to final decree in this court, and that decree had been affirmed by the court of appeals, and the testimony under the reference ordered by the latter decree had been closed, and the case partly summed up before the master, the only ground presented for the allowance of the amendment being that defendants were advised, when they filed their answer, that the suit could not be successful.

Motion for leave to file supplemental answer. On petition and answer.

*Mr. Cortlandt Parker,* for the motion.

*Mr. J. B. Vredenburgh* and *Mr. J. D. Bedle, contra.*

The Chancellor.

The defendants apply by petition for leave to file a supplemental answer, setting up the fact that part of the land set off and conveyed to the Long Dock Company under the agreement of September 10th, 1867, was land under water, the title to which was in the state; that the defendants have extinguished that title as to part of the land, by filling in and docking, and that as to the rest, the title is still in the state; and claiming that the complainants' proportion of the cost of perfecting the title to the last-mentioned part at the same price as that fixed by the commissioners for the state's title to land under water set off and conveyed, under the agreement, to the New Jersey Railroad and Transportation Company, and also the cost of extinguishing the title to the other part by filling and docking, should be allowed to the defendants as an offset in this suit

against the amount found due from them to the complainants. The cause has been decided upon final hearing (*11 Stew. Eq. 142*), and the defendants appealed from the final decree to the court of errors and appeals, and the decree was affirmed. When the petition was filed the testimony under the reference ordered by the decree had been closed, and the matter had been partially summed up before the master, one of the counsel upon each side having been heard thereon. This is, in fact, an application for leave to amend the answer; for all the facts which it is proposed to set up in the so-called supplemental answer existed, and were known to the defendants, when they filed their answer in the cause. To induce the court to entertain favorably an application of this kind at so late a stage in the suit, there must be some special ground, some cogent reason, for so doing; it must appear that hardship will result to the defendants if the permission be not accorded, and that they are not in fault for not having set up the defence in their answer originally. No such ground is shown here, and there was no good reason why the defence was not set up in the answer.

If the defence is valid now, it of course would have been equally so then. The only excuse presented is that the defendants were advised that this suit could not be successful. But, obviously, that cannot avail them. They might have tested the bill by demurrer, but they did not do so. They not only permitted the cause to go to final hearing without applying to amend the answer, but they delayed applying until after the proceedings upon the reference under the decree were almost at an end. Such delay is inexcusable. No hardship will ensue to them by denying this application. The agreement provides that if either party shall be dispossessed of any portion of the tract conveyed to them, or their assigns, by virtue of the agreement, or shall be put to any cost or expense in defending their title thereto, or in extinguishing any outstanding title or claim against the same, then the other party shall bear their proportion of such loss and expense according to their proportion of interest in the property, and that such proportion shall be a lien on the part set off and conveyed to such other party.

This suit is not a suit in partition, nor is it of that nature. It is merely a suit to recover the price paid to perfect the title to certain land set off and conveyed to the New Jersey Railroad and Transportation Company under the agreement. The decree will, of course, be no bar to the collection by the defendants from the complainants of any money which they may, now or hereafter, be entitled to recover from them under or by virtue of that provision of the agreement. The agreement gives a lien for such money upon all the property set off and conveyed to the other party under the agreement. It is not alleged, or even suggested, that the defendants have any reason to apprehend loss in case they are not permitted to offset such moneys in this suit. Whether they are entitled to recover from the complainants money which they have neither paid nor been called upon to pay, and whether the expense of docking and filling is, under the circumstances, to be regarded as expense of extinguishing the state's title, within the provisions of the agreement, are questions which, under the circumstances, it would not be just to compel the complainants to litigate in this suit.

They ought not to be subject to the delay which would necessarily be occasioned by permitting the defendants to introduce those matters now.

The petition will be dismissed, with costs.