Bristol-Myers Company is a manufacturer of pharmaceutical products, extensively sold and distributed under distinctive trade-marks. It has expended large sums of money in advertising its products, established a valuable good-will in connection with its business and fixed minimum retail prices for its products pursuant to chapter 58, P.L. 1935, commonly known as the Fair Trade act. There are presently approximately one thousand eight hundred retailers of complainant's *Page 560 
products in New Jersey and contracts have been entered into by complainant with retailers fixing and establishing minimum retail selling prices for its products. Retailers in this state, including the defendant, observed these prices in the sale of complainant's trade-marked or branded articles to the public at large.
The defendant, L. Bamberger Company, owns and operates a large department store in the city of Newark. It has established a policy of allowing its employes to make purchases from it, including the products of complainant, at a ten per cent. discount from prices charged the public, and the same policy has been followed by the owners of other large department stores not parties to this suit, with the result, it is charged, that approximately five thousand of defendant's employes purchase complainant's goods for less than the minimum retail selling price established by the complainant pursuant to its contracts. This practice, it is charged, has and will in the future create dissatisfaction among wholesale and retail dealers in complainant's products who are unable to compete with these department stores for the patronage of department store employes unless they meet, if they can, this alleged unfair competition by establishing discounts of their own. Such action, it is complained, would lead to price wars and the entire breakdown of the resale price structure established at considerable cost by the complainant.
The matter is before the court upon the return of an order to show cause why a preliminary injunction should not issue enjoining the defendant from allowing such discounts upon the sale of complainant's products to its employes in violation of the statute.
The verified bill of complaint and the affidavits on behalf of the defendant present no dispute with relation to any fact material to a decision. The only issue therefore is one of law.
The plan established by the Fair Trade act for the protection of the manufacturer's good-will is the elimination of price competition among retailers. The method to be employed by the manufacturer under section 1 of the act is *Page 561 
for the manufacturer to fix minimum retail selling prices in one or more contracts with retail dealers, and the prices so fixed then become binding upon all retail dealers who have notice of the contract and prices.
Section 2 of the act provides:
"Willfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of section one of this act, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."
Exempted from the provisions of the act are (a) close-out sales for the purpose of discontinuing delivery of any such commodity; (b) sales of goods which are damaged or deteriorated in quality, and notice given to the public thereof; and (c) sales by any officer acting under orders of any court. These are the only exemptions.
Annexed to the answering affidavit made by William J. Wells, president of the defendant company, and made a part thereof, is a booklet entitled "Welcome to the Bamberger Store Family," in which appears the following:
"Discounts. Regular co-workers, or demonstrators, after they have been employed for one month, are entitled to 10% discount on purchases for their personal use, for the use of persons entirely dependent upon them for support, or for use as gifts given and paid for in good faith."
 * * * * * * * *
"A wife or relative who is dependent upon a co-worker for support, by applying to the co-workers' Department Head and being properly identified, may obtain a shopping card, allowing his discount."
It is admitted that the practice of allowing general trade discounts to employes upon sales to them has been followed by the defendant for many years; that each employe is advised of the trade discount and of other advantages of the employment through the medium of the booklet hereinabove referred to; that sales to employes are credited to each department without deducting the discount; that the discount is segregated in the accounting department and charged as expense *Page 562 
and that other large department stores operating in Newark allow similar discounts to their employee.
The defendant contends that the discount thus allowed is simply an "administrative expense" and so entered on its books of account and hence does not constitute a sale of complainant's commodities at less than the price stipulated by complainant. The booklet of the defendant provides an allowance to defendant's employes, their dependents and relatives of a ten per cent. discount on purchases. A sale cannot be effected without a purchaser. The caption under which such discount on the sales of complainant's commodities are recorded in the books of the company does not exempt the transaction from the provisions of the statute. The policy thus adopted by the defendant constitutes unfair competition within the intent and meaning of the statute.
The statute does not deal with a commodity alone, but with a commodity plus the brand or trade-mark which it bears as evidence of its origin and of the quality of the commodity for which the brand or trade-mark stands. "It proceeds upon the theory that the sale of identified goods at less than the price fixed by the owner of the mark or brand is an assault upon the good will, and constitutes what the statute denominates `unfair competition.'"Old Dearborn Distributing Co. v. Seagram-Distillers Corp.,299 U.S. 183; 57 S.Ct. 139; 81 L.Ed. 130.
The statute (P.L. 1935 ch. 58) directs that a resident merchant cannot resell trade-marked or branded articles at less than the price fixed by the producer or owner of such marked commodities. "He may remove the mark or brand and sell the goods he owns at his own price. But he may not utilize the good will of another without complying with the statute which brands as unfair the sale of identified goods at less than the price fixed by the `producer.'" Johnson Johnson v. Weissbard, 121 N.J. Eq. 585,586.
 Preliminary injunction will issue. *Page 563