The verified bill of complaint and the answering affidavits on behalf of the defendant on the return of an order to show *Page 307 
cause why a preliminary injunction should not issue having raised no dispute with relation to any fact in issue, and the issue remaining for decision being therefore only one of law, preliminary injunction was issued. Bristol-Myers Co. v. L.Bamberger Co., 122 N.J. Eq. 559; 195 Atl. Rep. 625 (December 16th, 1937); unanimously affirmed 124 N.J. Eq. 235; 1 Atl. Rep.
2d 332 (September 16th, 1938).
The case was set down for final hearing for June 22d 1938, and then for the 29th of June, 1938. The appeal had not yet been decided by our court of errors and appeals. Counsel then appeared before me and urged that it was useless to try the case because the decision by the court of errors and appeals would be dispositive of the issues involved and that it would not be necessary to try the case at final hearing. That statement having been made, the court permitted the case to be adjourned from time to time and then without day.
The cause being at issue the defendant now petitions the court for leave to amend its answer as follows:
"11. In the conduct of its business complainant, Bristol-Myers Company, employs several hundred persons who reside in the State of New Jersey and who are customers or prospective customers of defendant. At the time complainant entered into agreements with retail dealers in the State of New Jersey purporting to fix the retail selling prices for complainant's products under the provisions of the New Jersey Fair Trade act, as alleged in paragraph 5 of the bill of complaint, and at all times since then complainant has followed the practice of allowing its employes and others to purchase from it complainant's commodities mentioned in its bill of complaint at retail at prices less than the retail selling prices stipulated in said contracts, and at all times since the enactment of the New Jersey Fair Trade act, chapter 58 of the laws of 1935, and the execution of contracts by complainant with retailers in the State of New Jersey, as alleged in its bill of complaint, complainant has continued to sell its said products to its employes and others at a discount from and at prices less than the minimum retail selling prices stipulated in its said contracts with retailers, wherefore, said contracts are not effective to fix and establish as against this defendant the *Page 308 
minimum retail selling prices of complainant's products under the said New Jersey Fair Trade act, and complainant's said commodities sold by it to its employes and others are not in fair and open competition with complainant's commodities sold by retailers at said stipulated minimum retail selling prices, and complainant's said practice is an unfair trade practice, and complainant thereby does not do equity and complainant does not come into court with clean hands, and is not in equity entitled to the relief prayed for in its bill of complaint."
In support of the petition and motion the affidavit of William J. Wells, president of the defendant, L. Bamberger Company, sets forth that prior to the filing of the bill of complaint and on or about October 6th or 7th, 1937, a Mr. Johnson, who introduced himself as manager of Bristol-Myers Company, called to see the affiant to discuss the New Jersey Fair Trade act. "I told him I had just received a letter from attorneys of Bristol-Myers Company demanding that L. Bamberger Company discontinue giving discounts to its employes on Bristol-Myers products. He said he knew of this. In the course of our conversation he said that Bristol-Myers Company sold its products to its employes at a discount and that it was then selling its products to its employes at prices below the retail prices fixed by it under the Fair Trade act." Johnson in his affidavit denies that he made any such statement as is attributed to him by Wells.
The motion is addressed to the discretion of the court. Coming as it does in the present stage of the proceedings it should be listened to with distrust. Bell v. Hall, 5 N.J. Eq. 49. In mere matters of form, clerical mistakes, verbal inaccuracies, and the like, great indulgence is shown. But where the application to amend relates to material facts which change essentially the grounds taken in the original answer great caution should be exercised. Huffman v. Hummer, 17 N.J. Eq. 269.
The facts now sought to be set forth in the amended answer were within the knowledge of the defendant when it filed its answer. It would tend to the encouragement of gross negligence and would permit the concealment of a defense in the *Page 309 
hope of later asserting the same under amendment, to permit a defendant to remould an answer under the circumstances here disclosed.
To induce the court to entertain this motion at so late a stage in the suit there must be shown not only some special ground for so doing, but that the defendant was not in fault for not having set up the defense in its answer originally. United RailroadCos. v. Long Dock Co., 41 N.J. Eq. 407. No such ground is shown here, and no reason is shown why the defense was not set up in the answer.
Motion denied. *Page 310