The complainant seeks injunctive relief against the defendants, alleging that they have willfully and knowingly violated the provisions of Revised Statutes of New Jersey, title 56,chapter 4, sections 3 et seq., and the amendments thereof, commonly called the Fair Trade act, through price cutting of its products.
The complainant is engaged in the production and sale of pharmaceutical preparations, products and commodities, bearing the descriptive trade-mark, brand and name of Burroughs Wellcome Co., which products are of a standard quality, and are sold in this and other states of the United States. It sells to wholesalers who, in turn, distribute and sell to the retail drug trade in this state. It established minimum prices *Page 564 
for the resale of its products within the State of New Jersey. It mailed approximately 2,000 written contracts to retail dealers, the defendants among them, in the State of New Jersey, asking them to sign and execute the contracts, whereby the retail minimum sale prices of its products could not be lower than the amount fixed or mentioned in said contract. About 800 of the contracts were returned signed and executed by various retailers in New Jersey.
The defendants, who operate three drug stores in the City of Newark, did not sign the forms of contracts mailed by complainant as aforesaid. There was some evidence that the defendants, or their representatives, orally agreed in the early part of 1938 to conform to complainant's minimum prices.
The defendants did not deny the complainant's allegation of price cutting. They, in effect, admitted it. They claimed the right to cut the prices of complainant's products for two reasons: (1) that there had been general underselling by other retailers of complainant's products with the knowledge and consent of the complainant, and that the complainant made no reasonable attempt, in the circumstances, to enforce the provisions of the Fair Trade act; (2) it exempted from its price schedule sales to physicians, dentists, veterinarians, clinics, hospitals and charitable institutions, contrary to the spirit and provisions of the legislative enactment.
The evidence does not sustain the defendants' contention as expressed in the reason first above mentioned. The testimony is quite clear, and satisfactory, that the complainant consistently and perseveringly attempted, through litigation, individual warnings, and written communications, to prevent price cutting below the minimum price listed by it. There is no instance where its attention was called to a particular case of selling below the minimum price, that the complainant did not undertake to stop it.
Defendants' stated second reason for price cutting, i.e., complainant's exemptions to physicians, dentists, veterinarians, clinics, hospitals and charitable institutions, is without justification. Those exemptions appear in complainant's published and issued price schedules, and in all of its fair trade *Page 565 
contracts. Retail druggists, selling complainant's products, receive notice of those exemptions and, under complainant's contract, are expressly permitted to allow the discount to purchasers in the class mentioned herein. The prices fixed are uniform. The practice is open to all retailers. I see no objection to the stated exemptions and, as regulated, they conform to the provisions of the statute.
The defendants contend that their position here is supported by the rulings of this court in the cases of Bristol-Myers Co. v.L. Bamberger Co., 122 N.J. Eq. 559; 195 Atl. Rep. 625;affirmed, 124 N.J. Eq. 235; 1 Atl. Rep. 2d 332, and FrankFischer Merchandising Corp. v. Ritz Drug Co., 129 N.J. Eq. 105;19 Atl. Rep. 2d 454. The situations in the instant case and in the cases last cited are clearly distinguishable. In theBristol-Myers Case, the complainant, who was the owner of the trade-mark, objected to the custom of the defendant, L. Bamberger Co., a lone retailer, giving its employes a 10% discount on complainant's products. Vice-Chancellor Stein restrained the granting of the discount on the theory that it violated the price structure established by the complainant. In the instant case, the complainant authorizes all its retailers to make cut rate sales of its products to a certain specific class.
The statute (R.S. 56:4-5 (1) (a)), clearly expresses the right of the vendor to fix a resale price. In my opinion granting exemption to physicians, dentists, veterinarians, clinics, hospitals and charitable institutions from the price structure, where uniform, is part of the process of fixing prices.
I am convinced that the facts in the instant case warrant the injunctive relief sought by the complainant. *Page 566