9 N.J. Super. 328 (1950)
74 A.2d 354
E.R. SQUIBB & SONS, A NEW YORK CORPORATION, PLAINTIFF,
v.
CHARLINE'S CUT RATE, INC., AND CHARLES SCHECK, INDIVIDUALLY AND TRADING AS CHARLINE'S CUT RATE, DEFENDANTS. ELI LILLY & COMPANY, A CORPORATION, PLAINTIFF,
v.
CHARLINE'S CUT RATE, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 26, 1950.
*329 Messrs. Bilder, Bilder & Kaufman (Mr. Samuel Kaufman appearing), attorneys for plaintiff, E.R. Squibb & Sons.
Messrs. Lorentz & Stamler (Mr. Joseph H. Stamler appearing), attorneys for plaintiff, Eli Lilly & Company.
Mr. Jacob R. Mantel, attorney for defendants.
STEIN, J.S.C.
This matter is before the Court upon petition to adjudge the defendants of contempt for violating an injunction. The facts in both cases are similar and will be disposed of together.
*330 On May 5 and May 12, 1950, respectively, a consent judgment was entered in the above entitled causes. Both judgments are similar and contain an injunction against defendants selling, advertising for sale or offering for sale any products of the respective plaintiffs at prices less than the price fixed or established by said plaintiffs pursuant to R.S. 56:4-1 et seq.
The parties have consented that I hear the matter of the contempt of the order made by me in the first above entitled cause.
The defendants subsequent to the entry of the judgments, advertised in a public newspaper that a Dunhill Lighter of the value of $2.50 would be given free with every purchase of $2.00 or more. A postcard to like effect was mailed to numerous persons residing in Summit and its vicinity. The proofs disclose that the defendants on May 25th last, sold Eli Lilly's Multicebrin (100's) and gave the purchaser a Dunhill Lighter free; on May 26th the defendants sold Squibb's Navitol with Viosterol (50 cc's) and gave the purchaser a Dunhill Lighter; on May 27th on two occasions defendants sold a bottle of Squibb's Vitamin Mineral capsules (100), and in each instance gave the purchaser a Dunhill Lighter. In every instance the article sold bore a fixed fair trade price and was sold for such price. Plaintiffs contend that the giving of the Dunhill Lighter with each purchase constituted a sale at less than the fixed fair trade price in violation of the Fair Trade Act. R.S. 56:4-1. They further contend that the advertisement offering the lighter free with purchases of $2.00 or more also violates the act.
The object and purpose of the Fair Trade Act has been stated in many cases, two of which are Pazen v. Silver Rod Stores, Inc., 130 N.J. Eq. 407 (E. & A.), and Bristol-Myers Co. v. L. Bamberger & Co., 122 N.J. Eq. 559; affirmed, 124 N.J. Eq. 235. In Bristol-Myers v. L. Bamberger & Co., supra, we said, "The plan established by the Fair Trade Act for the protection of the manufacturer's good-will is the elimination of price competition among retailers." Price competition *331 basically is the endeavor of one retailer to undersell his competitor by offering the same commodity at a lesser price, the object of course being to gain an advantage over his competitor by attracting customers into his place of business. While this may be considered good business advertising, yet it is prohibited by the act when the article offered for sale is a trade-marked commodity, the price of which has been fixed or stipulated.
It is not disputed that the Dunhill Lighter which was given with each purchase had a value of $2.50. It cannot reasonably be said that the giving of such an article with the purchase of a trade-marked commodity does not constitute a reduction in price. Obviously the effect is the same as though a direct reduction had been given by a cash rebate. This is among the evils the act is designed to prevent. To permit such a practice will defeat the very purposes of the act.
In Bristol-Myers Co. v. Lit Bros., 6 A.2d 843 (Pennsylvania Sup. Ct.), the defendant Lit Bros. issued and delivered trading stamps as part of its retail sales of the plaintiff's trade-marked products, which trading stamps were redeemable or exchangeable for premiums on articles of value and were issued to purchasers of the plaintiff's trade-marked commodities. It was there held in the majority opinion of the court that the issuance of such stamps with purchases of trade-marked commodities came within the sphere of legitimate competition and did not violate the Pennsylvania Fair Trade Act. Mr. Justice Drew wrote a dissenting opinion (Chief Justice Kephart concurring), in which he in a most scholarly manner reviewed the history of fair trade legislation and arrived at the conclusion that the issuance of trading stamps with purchases of trade-marked commodities was a violation of the Fair Trade Act. I agree with his reasoning and conclusion.
In Palmer v. Angert, 90 N.Y.S.2d 745 (leave to appeal denied, 91 N.Y.S.2d 757), it was held that the practice of redeeming cash register receipts for ten per cent of their amounts in merchandise was a price-cutting device in violation *332 of an injunction against selling at prices lower than those established by fair trade contracts.
In Bristol-Myers v. L. Bamberger & Co., supra, we held that the allowance of a ten per cent discount by the owner and operator of a department store to its employees on purchases by them of trade-marked or branded commodities for their personal use, for the use of persons entirely dependent upon them for support, or for use as gifts given and paid for in good faith violated the Fair Trade Act.
In Bernhard v. Savall Drug Store, 82 N.Y.S.2d 122 (Sup. Ct.), it was held that advertising by a retail store corporation that it will give free a certain article with every purchase of a specified amount or more violates the Fair Trade Act and is illegal, even though it does not sell any articles below contract prices stipulated by manufacturers, wholesalers or distributors.
It is concluded that the advertising of and the giving free of a Dunhill Lighter with the purchase of trade-marked commodities for which minimum prices have been fixed or stipulated constitutes selling at less than the fixed price and violates the Fair Trade Act, and was violative of the injunction order of this Court.
Present judgment.