JOHNSON & JOHNSON, a corporation of the State of New Jersey, et al., complainants-appellants,

*v.*

HARRY WEISSBARD and MAX WEISSBARD, partners trading as WEISSBARD BROTHERS, defendants-respondents.

[Argued February 8th, 1937. Decided April 30th, 1937.]

*Mr. Merritt Lane,* for the complainants-appellants.

*Messrs. Bilder, Bilder & Kaufman (Mr. Samuel Kaufman* and *Mr. Morris M. Schnitzer*), for the defendants-respondents.

586

The opinion of the court was delivered by

BODINE, J.

The appellants have for years been engaged in the production, sale and distribution of pharmaceutical preparations bearing distinctive trade-marks, brands or names. They sought to restrain the defendants from selling and advertising for sale, or offering for sale in their stores products made by appellants for a less price than that fixed for resale. Chapter 58, *P. L. 1935 p. 140,* was designed to secure to the appellants this right. Our statute is a counterpart of the statute recently adopted in many states, notably Illinois and New York.

The court of chancery held the act unconstitutional, but this decision was before the unanimous decision of the supreme court of the United States holding the Illinois statute constitutional. *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp.; McNeil* v. *Joseph Triner Corp., 299 U. S. 183; 57 Sup. Ct. R. 139.* A reading of that decision is a complete answer to every argument advanced against the statute. Nor do we perceive how the requirements of our statute affect interstate commerce. It is a mere direction to a resident merchant that he must not resell trade-marked or branded articles at less than the price fixed by the producer or owner of such marked commodities. If the merchant would profit by the good will built up by the owner or producer he must comply with the requirements of the legislature. He may remove the mark or brand and sell the goods he owns at his own price. But he may not utilize the good will of another without complying with the statute which brands as unfair the sale of identified goods at less than the price fixed by the "producer."

Section 1, subdivision 2 of the Illinois act declared constitutional by the supreme court of the United States is as follows:

"(2) That the producer or vendee of a commodity require upon the sale of such commodity to another, *that such purchaser* agree that he will not, in turn, resell except at the price stipulated by such producer or vendee."

The words in italics seem to have been omitted from section 1, subdivision (b) of our statute, so that the same reads as follows:

"That the vendee or producer require in delivery to whom he may resell such commodity *to agree* that he will not, in turn, resell except at the price stipulated by such vendor or such vendee."

The omission results in a somewhat ungrammatical expression by our legislature, but the intent seems perfectly clear and in accordance with the precise meaning adopted in Illinois and declared constitutional by the supreme court of the United States. If for the words *to agree* we read the words *an agreement,* the meaning is not only clear but grammatical. The intent of the act is not to prevent a resale of merchandise but a destruction of the producer's good will often established at great cost.

In the case of *Bourjois Sales Corp.* v. *Dorfman, 273 N. Y. 167; 7 N. E. Rep. (2d) 301,* the court of appeals of New York said: "Doubleday, Doran & Company, Incorporated, the publisher, made a contract with Doubleday, Doran Book Shops, Incorporated, a seller and distributor, as to the price at which certain books could be sold. Later the publisher sold these books to R. H. Macy & Company, without any contract or restriction as to price or even a request for a contract. When Macy & Company undertook to sell these books at its own figure, the publisher sought an injunction to compel Macy to sell the books at the price it had fixed with the other Doubleday corporation. We thought this to be a clear case of unauthorized restriction upon the disposition of one's own property and unconstitutional within former decisions of the United States supreme court. That court has taken a different view in the case above mentioned, *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp., 299 U. S. 183; 57 S. Ct. 139; 81 L. Ed. ...; 106 A. L. R. 1476* (December 7th, 1936). The Illinois Free Trade act (*Smith-Hurd Ill. Stats. ch. 121½ §§ 188 et seq.*) there under review is similar to our own. The complaint in this appeal now before us is in no way different from that before the

588

supreme court under the Illinois act, so that we feel it to be our duty to submit our own judgment to the rulings of the supreme court on the constitution of the United States and the interpretation of its own decisions."

The decree is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.