Complainants sue on the statute "An act to protect trademark owners, distributors, and the public, against injurious and uneconomic practices in the distribution of articles of standard quality under a distinguished trade-mark, brand or name." P.L.1935 p. 140. Defendant moves to dismiss the bill for want of equity.
The case made by the bill follows: Complainant Schenley Products Company is the "sole immediate distributor" of Wilken Family Blended whiskey and other brands of whiskey named in the bill, which are produced by "certain distilling corporations affiliated with said Schenley Products Company." These other brands I can disregard. Schenley, for many months past, has sold Wilken whiskey to some fifteen wholesalers, one of whom is complainant Gillhaus Beverage Company. Schenley "suggests" to its wholesalers, including Gillhaus, a uniform retail price. The current suggested retail price for Wilken whiskey is ninety-eight cents a pint. Gillhaus, jointly with the other wholesale distributors within New Jersey, has entered into agreements with retailers, containing these provisions: "The Retailer shall purchase all his requirements of the liquors referred to in Schedule A, only from the Distributors or from wholesalers within the state of ____ accredited for said purpose by Schenley. The Retailer agrees not to resell said liquors either directly or indirectly except at the prices set opposite said liquors on Schedule A, or which may be stipulated by Distributors in the future as hereinafter provided * * *. The Distributors reserve the right to change the prices fixed in Schedule A or any of them at any time, upon ten days' written notice to the Retailer." The bill does not name the distributors, other than Gillhaus, who have joined in such agreements, or *Page 71 
name any retailer with whom they have contracted. Neither does it set forth Schedule A mentioned in the agreement or state any prices fixed in the schedule, or aver that the contracting distributors have changed or set prices in the manner permitted by the agreement.
Defendant, Franklin Stores Company, operates several retail liquor stores in Essex county. It advertises and sells Wilken whiskey at seventy-seven cents a pint. Complainants allege that this action of defendant is causing, and will cause, them damage, the nature of which is specified.
Complainants rely primarily on section 2 of the statute:
"Willfully and knowingly advertising, offering for sale, or selling, any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of section one of this act, whether the person so advertising, offering for sale, or selling, is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."
The first question is whether complainants have the necessary status to enable them to prosecute. Of course, suit cannot be maintained by a common informer.
The United States supreme court, in Old Dearborn DistributingCo. v. Seagram Distillers Corp., 299 U.S. 183; 57 S.C. 139,
said of a similar Illinois statute: "The primary aim of the law is to protect the property — namely, the good will — of the producer, which he still owns." And again, the statute interferes, "only to protect that good will against injury. It proceeds upon the theory that the sale of identified goods at less than the price fixed by the owner of the mark or brand is an assault upon the good will, and constitutes what the statute denominates `unfair competition.'" The statute puts price cutting of branded goods in the same category with the unlawful imitation of the brand or mark. It would seem to follow that the statutory suit can be maintained only by one who could bring an ordinary suit for unfair competition, namely, the owner of the good will which the law aims to protect. Neither complainant appears to have the requisite interest in the name Wilken Family Blended Whiskey, or in the good will to which the name is incidental. *Page 72 
Or perhaps the legislature used the term "unfair competition" in a more popular sense. A retailer in Newark whose trade in Wilken whiskey is diverted to defendant by the low prices offered by the latter, is damaged by the competition. Could he sue on the statute? However, complainants are not in the retail liquor business; defendant competes with neither of them. Or perhaps the words "unfair competition" should be disregarded. But I need not reach a conclusion here, since the bill must be dismissed for reasons now to be stated.
The statute creates a cause of action only when defendant is selling below "the price stipulated in any contract entered into pursuant to the provisions of section one." The bill does not allege that the price of ninety-eight cents for Wilken whiskey was stipulated in any contract. It merely avers that it is the price suggested by Schenley to Gillhaus and other wholesalers and is the prevailing price within New Jersey. The contract provides that the purchaser will not resell except at prices that may be set by the seller in the future. Would a price thus set come within the statute? I incline to believe not. The bill does not, however, allege that a price was set pursuant to the contract.
While this is an action on the statute and not on the contract, since no agreement with defendant is alleged, yet the contract is a vital part of complainants' case. The bill should, but does not, allege who were the parties to the contract and when it was made. Obviously, the bill is deficient in this respect.
Lastly, it should be observed that Gillhaus, the only party to the contract named in the bill, is not the producer of Wilken whiskey and is not the owner of that trade-mark or trade name. Now let me suppose that defendant, Franklin Products Company, which is the owner of several cases of Wilken Family whiskey, shall sell some of it under a contract by which the buyer agrees not to resell at less than $1.25 a pint. Would there arise a cause of action against Gillhaus or anyone else who might sell at less than that price? Obviously not. Such a construction of the statute would be absurd. The first part of the statute reads as follows: *Page 73 
"1. No contract relating to the sale or resale of a commodity which bears, or the label or content of which bears, the trade-mark, brand, or the name of the producer or owner of such commodity and which is in fair and open competition with commodities of the same general class produced by others shall be deemed in violation of any law of the State of New Jersey by reason of any of the following provisions which may be contained in such contract.
"(a) That the buyer will not resell such commodity except at the price stipulated by the vendor."
In order to give a reasonable meaning to the act, it is necessary to hold that one of the contracting parties must be the owner or the agent of the owner of the trade-mark, brand or name which is the subject of the contract. Gillhaus has no more right to fix a price binding on third parties, than has defendant. It does not appear that complainant Schenley has entered into any price fixing contracts, but even if it had, that fact would not aid complainants. Schenley is not the producer of any of the whiskies in question or the owner of any of the trade names. Its only alleged qualification is that "it is the sole immediate distributor" of these whiskies and that they are produced by certain corporations affiliated with it. On the Wilken label appears the name The Wilken Family, Inc. I suppose that corporation owns the name. For aught that appears, it is willing to have its whiskey sold in New Jersey at seventy-seven cents a pint. The words "sole direct distributor" and "affiliated corporations" have no exact meaning in the law and certainly they raise no presumption that Schenley has been authorized by Wilken Family, Incorporated, to dictate the retail price of its product.
 Other questions argued, I need not discuss. *Page 74