This suit is brought under the Fair Trade act of New Jersey.P.L. 1935 ch. 58. Complainant prays for injunction restraining the continuance of certain violations of said statute by the defendants. The complainant, a manufacturer of widely known and advertised toilet articles, alleges it entered into contracts with various retailers in New Jersey *Page 574 
who agreed to observe and maintain certain minimum prices under the sale of complainant's products. The defendants operate retail stores in New Jersey and are alleged to have sold complainant's products obtained from third parties without complainant's knowledge or consent. There exists no contract with defendants with respect to retail sale prices of complainant's products and complainant has never sold its products directly to defendants.
While complainant alleges that its trade-marked and branded products were acquired by defendants with full knowledge of the minimum retail prices fixed by complainant and announced to the retail trade in this state, and alleges that retailers in this state, including the defendants, have had such notice since the third day of August, 1937, this is denied by the defendants who say that they acquired such products of complainant before August 3d 1937, without knowledge or notice on their part of the execution of price fixing contracts by complainant and that the sales alleged by complainant to have been made by defendants on August 19th and September 20th, 1937, were made out of such stocks so acquired.
If complainant's products were in fair and open competition within the meaning of section 1 of the act, the prices announced by the complainant would become binding upon retailers under the provisions of section 2 of the act only with respect to so much of complainant's products as were acquired by the defendants with notice of the prices so fixed.
The defendants' proof is to the effect that the stock which they acquired of complainant's products was so acquired in interstate commerce from vendors outside of the State of New Jersey. The agreements entered into by the complainant with retailers in the fifth paragraph thereof are limited "to commerce entirely within the State of New Jersey."
Moreover, the defendants by their answer say, that they have offered to purchase from complainant quantities of its products at the same rates, terms and prices made available to other chain stores and to maintain the minimum retail selling prices announced by complainant upon the resale of *Page 575 
such products. This offer, defendants say, was rejected by complainant. This, complainant admitted in open court.
While the principle is well established that the owner of an article may dispose of it as he wills and the right to refuse to sell is one of the basic instances of ownership, it is also well established that the weapon of injunction may be afforded a complainant or withheld by the chancellor in the exercise of sound discretion. Here, the complainant seeks to compel the defendants to maintain the minimum prices fixed by it for the sale of its trade-marked and branded articles and at the same time refuses to make it possible for defendants to deal in its products and thus to maintain such prices. "He who seeks equity must do equity."
Preliminary injunction denied.