This is an appeal from a decree in chancery dismissing the amended and supplemental bills of complaint of appellants and awarding counsel fee, c.
Complainants below sought, among other things, to enjoin defendant from advertising, offering for sale or selling certain whiskies, generally referred to as "Schenley's Products," at a price below that fixed for said products in agreements entered into between certain distributors and retailers pursuant to the provisions of chapter 58, P.L. 1935. Respondent is not a party signatory to any of these agreements but, it is alleged, was advised of their existence. Nor was Schenley *Page 102 
Products Company, a corporation, c., a party to any agreement, but it alleges itself to be a person damaged by the acts complained of.
The learned vice-chancellor dismissed the action because "the foundation of the action is a contract made by or on behalf of the owners of the brands" and "the failure of the pleader to disclose who is the owner of any of the brands or who is the producer of the whiskey, or in whose behalf the contract was made."
In this it is clear that the learned vice-chancellor fell into error. A reading of the statute discloses no such requirement as thus laid down. It provides merely that no contract shall be deemed in violation of any law of this state for the reason that the buyer agrees not to resell a commodity bearing the trade-mark, brand, or the name of the producer or owner of such commodity and which is in fair and open competition with commodities of the same general class produced by others, except at the price stipulated by the vendor, or, where the vendee or producer shall require, in delivery to whom he may resell such commodity, an agreement that the purchaser will not, in turn, resell except at the price stipulated by such vendor or vendee. The act further provides that willfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant thereto, whether the person so doing is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby.
The amended and supplemental bills of complaint filed herein are framed within the statute and without doubt should have been retained in the court below and defendant required to plead thereto. The pleadings set forth imply an agreement between Gillhaus Beverage Company, Incorporated, a corporation of the State of New Jersey, a distributor, as seller, and one Lutz, a retailer, as buyer, not to resell specified trademarked liquors except at the prices stipulated by the vendor Gillhaus, c., and, that respondent, willfully and knowingly advertised, offered for sale or sold the commodity at less than *Page 103 
the prices set down in such contract, to the damage of the parties appellant.
To assert that the contract must be made by or on behalf of the owner of the trade-mark or brand, or by or on behalf of the producer of the commodity bearing the trade-mark or brand, is to import into the statute that which is clearly not within its provisions and that which is unnecessary to its operation. In the case of Old Dearborn Distributing Co. v. Seagram-DistillersCorp., 229 U.S. 182; 81 L.Ed. 109, a decree of the state courts of Illinois sustaining the validity of the Fair Trade act of that state, was affirmed, and the United States supreme court, in setting forth the facts, stated, "Appellee is a dealer in alcoholic beverages at wholesale. It buys the products here in question from the producers. The whiskies bear labels and trade-marks, and are in fair and open competition with commodities of the same general class produced by others." The limitation of the statute is that the commodity itself or the label or content of the commodity shall bear "the trade-mark, brand, or the name of the producer or owner" of the commodity. The pleadings filed below were within this limitation, copies of the trade-mark, name and brand of the commodity being attached to the pleadings as exhibits and the appropriate registration thereof being sufficiently alleged.
Whether the owner of the trade-mark, c., or the producer of the commodity might successfully claim damage resulting to it because of the existence of such a contract as is here involved is not a question presently before us nor do we make any expression with respect thereto.
Nor is the expression by Mr. Justice Bodine in the case ofJohnson Johnson v. Weissbard, reported in 121 N.J. Eq. 585,
that "the intent of the act is not to prevent a resale of merchandise, but a destruction of the producer's good will * * *" to be considered as settling the legislative intent to the exclusive purpose suggested by the court below. The title of the act, challenged here as being defective because not giving notice of the effect of the legislation, c., clearly states that distributors as well as trade-mark owners are to be protected *Page 104 
by the legislation. The title reads, "An act to protect trade-mark owners, distributors and the public against injurious and uneconomic practices in the distribution of articles of standard quality under a distinguished trade-mark, brand or name." This unambiguous language, within the facts of this case, does give notice of the effect of the legislation and imparts to the text of the statute an application sufficiently broad in scope to include complainants below and to justify their position as proper parties complainant.
The statute gives approval to contracts which provide that "the buyer will not resell * * * except at the price stipulated by the vendor." Like approval is given to contracts wherein "the vendee or producer require" that his vendee shall not resell "except at the price stipulated by such vendor or such vendee." The language thus used by the legislative body, no contrary intention appearing, will be given its ordinarily accepted meaning and will not be construed as limited to a particular class. Indeed, to state that the vendee of a commodity may require his vendee not to resell, c., quite definitely informs that others than the owners of the brands or the producers of the commodity were within the legislative mind and were to have the advantages afforded by the statute.
It is argued that expressions by the courts that a retailer may remove the trade-mark from the commodity and thereby relieve against the statute, are not applicable to liquor because liquor laws bar such removal. Johnson Johnson v. Weissbard, supra;Old Dearborn Distributing Co. v. Seagram-Distillers Corp.,supra. The term "commodity" is declared in the statute to mean "any subject of commerce." Certainly whiskey is a subject of commerce. But we see no conflict here. The statutes being inpari materia and not in conflict are to be construed together. It is a sufficient answer that the statutes and regulations promulgated thereunder, cited by respondent, prohibiting the removal of the trade-mark or label from whiskies and like products antedated the decision of the United States supreme court in Old Dearborn Distributing Co. v. Seagram-DistillersCorp., supra. It must be presumed that the supreme court took judicial notice of the *Page 105 
state of law existing at the time of the adoption of the opinion in that case, a like commodity being involved, and, notwithstanding, declared the Illinois statute, there under consideration and substantially identical with our own, as a proper and constitutional exercise of legislative power.
Lacking the question of constitutional right, we cannot here be concerned with the policy of the law as urged by respondent, this being a matter for the legislature exclusively.
It is contended by respondent that the contract between Gillhaus, c., and Lutz, hereinbefore referred to, is invalid because of lack of consideration and is unenforceable in equity because of lack of mutuality and certainty. Price fixing contracts such as the one under consideration are authorized by the statute here in question and have received judicial sanction.Old Dearborn Distributing Co. v. Seagram-Distillers Corp.,supra; Johnson Johnson v. Weissbard, supra.
We have fully considered the other matters urged in support of the decree. It is our conclusion that the pleadings filed in this cause set forth a case for equitable relief and that the decree of the court below dismissing the action and awarding counsel fee, c., must be reversed.
The decree is reversed.
For affirmance — PARKER, CASE, BODINE, DONGES, HETFIELD, WELLS, JJ. 6.
For reversal — THE CHIEF-JUSTICE, TRENCHARD, HEHER, PERSKIE, DEAR, WOLFSKEIL, RAFFERTY, WALKER, JJ. 8. *Page 106