This is a motion to strike the answer and separate defenses filed by the defendants on the ground that the same are sham. It is the third motion made in the cause, a preliminary injunction previously having been denied. An examination of the affidavits now submitted indicates that they are substantially similar to the affidavits before the court in connection with the preliminary injunction. More detail is attempted; basically, however, no new material is presented.
Complainant charges that it gave notice to the defendants on July 1st, 1938, that it had adopted a fair trade contract pursuant to the Fair Trade act of the State of New Jersey and to support this allegation submits affidavits alleging that a notice to that effect was mailed to the defendants. The affidavit filed by Max Weissbard on behalf of both defendants denies under oath receipt of the alleged notice and affirmatively sets forth proof that the defendants received no notice until November 23d 1938, when a letter was received from the complainant's attorney referring to alleged price violations.
The fact of notice being disputed, the defendants are entitled to defend on the merits at the final hearing. Mailing is merely presumptive evidence of receipt which the defendants have rebutted by specific denial and an issue of fact is therefore raised. Schaffer v. Hurd (Chancery, 1925), 98 N.J. Eq. 143; 130 Atl. Rep. 228; Kruger v. Brown (Supreme Court,1910), 79 N.J. Law 418; 75 Atl. Rep. 171.
The bill of complaint also charges that the defendants had knowledge that the complainant had entered into a fair trade contract and that, therefore, irrespective of notice they were bound by the provisions of the complainant's fair trade contract. Various reasons are set forth, all circumstantial in *Page 595 
nature, for inferring that the defendants had knowledge, but no purpose would be served by enumerating them here. Hearsay and opinion statements are not evidence. The defendants deny under oath that they had knowledge and set forth that they asked the complainant from time to time for the name of the retailer with whom it had contracted and the complainant withheld the information. This argument raises an issue of fact and it is for the court at final hearing to determine whether the defendants had knowledge, if that is required by the statute.
A more serious question is presented in connection with the defense relating to abandonment by the complainant of its fair trade contract and its price schedule thereunder. This problem has two aspects. The contract made by the complainant with a retailer is dated July 1st, 1938. The defendants assert (1) that during all of the period since that date the retail trade in New Jersey in their competitive area has made sales at cut prices and that complainant has done nothing to maintain its price schedule, except to sue the defendants in spite of their previous notifications to the complainant that they claim exemption from the statute because of prior acquired property. Lentheric,Inc., v. Weissbard (Chancery, 1937), 122 N.J. Eq. 573;195 Atl. Rep. 818.
The defendants assert (2) that because the complainant did nothing during the year to enforce its price schedule that all of the retailers of the complainant's products, including the defendants, were led to believe that fair trade prices need not be maintained. The defendants' affidavit discloses that price cutting by other retailers has continued to the very moment of argument. In Calvert Distillers v. Nusbaum Liquor Store,2 N Y Supp. 2d 320 (at p. 325), the court, by Shientag, J., said: "A producer or owner invoking the statute is not required as a matter of law to resort to legal process against every violator of its provisions or of the contracts made pursuant thereto before he can enforce a remedy against any one violator. * * * At least where he does not resort to legal action, the producer is required to use reasonable diligence to see to it that none of his products *Page 596 
continue to be sold to a retailer who cuts prices after the producer has notice of such violation. In the last analysis it all comes down to a question of whether the producer or owner by his acts or conduct, whether of commission or omission, may be said to have waived or abandoned his rights, with respect to all retailers, under the statute or agreements made thereunder. He will not be allowed directly or indirectly to discriminate unfairly. In availing himself of the benefits of the statute he must accept its burdens. The Fair Trade act in its very essence calls for uniform enforcement without discrimination or favoritism. The producer cannot act arbitrarily in enforcing observance of fixed prices. There must be a sincere and diligent effort to prevent price cutting of branded products through legal process if necessary."
Moreover, the defendants assert that the complainant abandoned its price schedule by permitting its price-fixed articles to be combined with the products of another manufacturer and distributor and sold to the defendants and other retailers without any price restriction whatsoever. With respect to this assertion the exhibits before me are illuminating. The complainant price-fixed its Schick razor at ninety-eight cents. It then permitted Lever Brothers Company, a manufacturer, to pack the same Schick razor together with a tube of Lifebuoy shaving cream in one carton. Lever Brothers Company then sold the combined articles to the retail trade without any price restriction, they not having adopted a fair trade contract at that time. The duplicate packages distributed by Lever Brothers Company, containing these articles, had a fixed price of fifty-nine cents on one package and forty-nine cents on the other, although the packages and their contents were identical. Competition has reduced the sales of these packages below forty-nine cents, as the affidavit indicates, and it is difficult to see how the retailer can sell the price-fixed Schick razor with this confusion in the market.
Neither complainant nor Lever Brothers Company did or could price-fix the combined package or article because the statute does not apply to such a situation. R.S. 1937, 56:4-4 provides: "This article shall not apply to any contract or *Page 597 
agreement between wholesalers or between producers or between retailers as to sale or resale prices." It is for this reason, no doubt, that the combined package with the knowledge of the complainant was sold and distributed without any price restriction. To the extent that the price of the combined package is less than the complainant's price schedule, there is abandonment by complainant of its price structure.
With respect to one combination, the affidavit filed in support of the motion sets forth that the complainant informed Lever Brothers Company that if a price was "suggested" for the combined article it was to include a minimum of ninety-eight cents for the Schick razor. The defendants are not bound by any "suggested" price. "The retail price sought to be maintained must be a fixed and stipulated price not merely a price suggested or recommended by the owner or producer." Calvert Distillers v. NusbaumLiquor Store, supra.
The answer of the defendants raises meritorious questions which, if supported by the proofs at final hearing, would entitle them to succeed. The motion to strike is therefore denied.