This is an application for a preliminary injunction.
The complainant and defendant operate retail stores in the city of Summit and compete with each other in the sale of drugs and other products. The complainant has filed this bill under the Fair Trade statute (R.S. 1937, 56:4-3 et seq., as amended in 1938) to enjoin the defendant from selling the products of Lentheric, Incorporated, at less than the minimum retail prices fixed by Lentheric, Incorporated, in *Page 561 
contracts entered into with retailers in the State of New Jersey in accordance with the statute. The defendant has not denied that it had knowledge of the existence of these contracts, nor has it denied the allegations of sales made at less than the minimum retail prices fixed by Lentheric. The bill of complaint charges the defendant with willful and continuous violation of the statute, with the result that the complainant has suffered a loss of patronage. There is likewise no denial of these allegations.
A temporary restraint was issued on the filing of the bill of complaint and thereafter the defendant advised the solicitor of the complainant by letter that it would comply with all fair trade prices, rules and regulations. The defendant then decided to contest this application for a preliminary injunction.
A retailer may obtain injunctive relief against a competing retailer who violates the Fair Trade statute and valid contracts made thereunder. That this was intended by the legislature is clear from the statute. R.S. 56:4-6 provides that a sale which is a violation of 56:4-5 "whether the person so * * * selling is or is not a party to such contract, is unfair competition and is actionable at the suit of * * * any retailer selling such commodity at not less than the price stipulated in any contract entered into pursuant to the provisions of section 56:4-5 of this title" as amended in 1938.
This new cause of action created by the statute inures to the benefit of all retailers who are bound to observe the provisions of a valid fair trade contract. It has been so held with respect to a retailer who signed a contract with a producer. PortChester Wine and Liquor Shop, Inc., v. Miller Bros.,Fruiterers, Inc. (1939), 281 N.Y. 101. But the fact that this complainant does not appear to have signed a fair trade contract with Lentheric, Incorporated, is immaterial and I do not consider the Port Chester Wine and Liquor Shop, Inc., v.Miller Bros., Fruiterers, Inc., supra, to limit the right of action to signatory retailers. The statute goes further and affords protection to retailers who are damaged, whether signatory or not. *Page 562 
The affidavit of the defendant alleges that Lentheric, Incorporated, has refused to sell its products directly to the defendant and asserts this fact as a defense to the complainant's right to injunctive relief. If the right of a retailer to the remedy which the statute affords were derivative or dependent and could be no greater than that of the manufacturer or producer, this contention might find some support but the statute and the decision in Schenley Products Co. v. Franklin Stores Co.,124 N.J. Eq. 100; 199 Atl. Rep. 402, are opposed to this view. That was a suit by a distributor against a retailer, neither being parties to a fair trade contract. It was held that a distributor who was independent of the manufacturer or producer could maintain a suit in his own behalf, his rights not being derived from the owner of the trade-mark.
The right of a retailer who is damaged by the action of a competitor must be equally independent of the rights of the producer or owner of the trade-mark when a defense is asserted which goes to the exercise of this court's discretion. I express no opinion as to the status of the retailer when the right of the manufacturer or distributor to relief would be barred as a matter of law. The retailer's right to the exercise of this court's discretion, however, will not be denied because the manufacturer might not be afforded the same treatment.
Lentheric, Inc., v. Weissbard, 122 N.J. Eq. 573;195 Atl. Rep. 818, upon which the defendant relies, is therefore no support for his position. That case does not hold that, because a manufacturer arbitrarily refuses to sell his products to the retailer whom he seeks to enjoin, he loses his rights under the statute or his contract, nor does such conduct of the manufacturer confer upon the retailer the right to violate the statute with impunity. The manufacturer may avail himself of such other legal rights as he may have under the contract and the statute. This court merely held in Lentheric, Inc., v.Weissbard, supra, that in the circumstances of that case the complainant, who was the manufacturer, was not entitled to the benefit of the court's discretion and he was refused the preliminary injunctive relief sought. As we there pointed out "* * * the weapon of injunction may be *Page 563 
afforded a complainant or withheld by the chancellor in the exercise of sound discretion. Here, the complainant seeks to compel the defendants to maintain the minimum prices fixed by it for the sale of its trade-marked and branded articles and at the same time refuses to make it possible for defendants to deal in its products and thus to maintain such prices. `He who seeks equity must do equity.'"
The same view has been adopted elsewhere. Gillette SafetyRazor Co. v. Green, 3 N.Y.S. 2d 822; affirmed, 15 N.Y.S.
2d 142. The court there said:
"There is nothing in the law to prohibit a manufacturer or producer from selling both wholesale and retail, but if the equity powers of the court are sought to be invoked for relief under the provisions of the Fair Trade act, it becomes necessary to consider whether within the intent and meaning of the act the plaintiff's conduct has been such as to merit the relief it seeks. * * * Certainly, it was not the intention of the legislature to permit a manufacturer or producer to be exempt from responsibility for conduct opposed to the very intent and purpose of this act."
But these cases deal with the exercise of the court's discretion in granting relief at the behest of the party who himself is guilty of inequitable conduct. The rights of the retailer arise from the statute and being non-derivative remain unaffected. While the defense asserted here might be available in a suit brought by a manufacturer who arbitrarily refused to sell to the defendant, it cannot be raised against this complainant. The statute has given him a remedy which this court will enforce.
A preliminary injunction will issue. *Page 564