### GUERLAIN, Inc., v. CHARMLEY DRUG SHOP.
### No. 5860.

District Court, D. New Jersey.
Jan. 30, 1940.

Kristeller & Zucker (by Lionel P. Kristeller), of Newark, N. J., for complainant.

Kraemer, Siegler & Siegler (by Joseph Kraemer), of Newark, N. J., for defendant.

FAKE, District Judge.

The defendant, among other things, urges that no injunction should issue in this case because the plaintiff refused an offer of the defendant made prior to the institution of this suit to enter into a contract for the sale and resale of plaintiff's products and to maintain the minimum resale prices legally fixed for the State of New Jersey, citing Lentheric, Inc. v. Weissbard, 122 N.J.Eq. 573, 195 A. 818, 819; in which the learned Vice Chancellor reasons as follows: "While the principle is well established that the owner of an article

may dispose of it as he wills and the right to refuse to sell is one of the basic instances of ownership, it is also well established that the weapon of injunction may be afforded a complainant or withheld by the chancellor in the exercise of sound discretion. Here, the complainant seeks to compel the defendants to maintain the minimum prices fixed by it for the sale of its trade-marked and branded articles and at the same time refuses to make it possible for defendants to deal in its products and thus to maintain such prices. 'He who seeks equity must do equity.'"

Referring to Chapter 58 of the Laws of 1935, which is the Act under consideration, the following paragraph is found: 2. "Willfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of section one of this act, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby." N. J.S.A. 56:4–6.

It will be noted that unfair competition within the purview of the Act may be found whether the defendant "is or is not a party to such contract." It therefore follows in the instant case that whether the defendant had a contract or not he is guilty of unfair competition, there being no obligation either at law or in equity upon the part of the plaintiff to enter into such a contract with the defendant; the maxim: "He who seeks equity must do equity" does not apply. Moreover, the case cited deals with a preliminary injunction only.

The very recent case of Field v. Fidelity Union Trust Co. et al. 108 F.2d 521, 526, of this Circuit filed December 20, 1939, opinion by Circuit Judge Biddle lays down the following rule: "We believe that the proper rule is that federal courts should in all instances follow the law of the state with respect to the construction of state statutes. Where that law has been determined by the courts of last resort their decisions are stare decisis, and must be followed irrespective of our opinion as to what the law ought to be. As to the pronouncements of other state courts, however, we are not so bound, but may conclude that the decision does not truly express the state law."

My conclusion is that an injunction should issue upon the facts presented in the instant case.