**CHARMLEY DRUG SHOP v. GUERLAIN, Inc.**

No. 7323.

Circuit Court of Appeals, Third Circuit.

June 25, 1940.

Kraemer, Siegler & Siegler, of Newark, N. J. (Joseph Kraemer, of Newark, N. J., of counsel), for appellant.

Kristeller & Zucker, of Newark, N. J. (Lionel P. Kristeller, of Newark, N. J., and Lewis G. Bernstein, of New York City, of counsel), for complainant-appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by Charmley Drug Shop, the defendant, from a final decree of the District Court for the District of New Jersey granting a perpetual injunction against it at the suit of Guerlain, Inc., the plaintiff.

The plaintiff is the distributor of cosmetics bearing the trade name "Guerlain." Averring that on or about October 8, 1937 it adopted the policy permitted by Section 1 of the New Jersey Fair Trade Act of March 12, 1935, R.S. 56:4–5, N.J.S.A. 56:4–5,[1] of mak-

---

[1] R.S. 56:4–5, N.J.S.A. 56:4–5, "1. No contract relating to the sale or resale of a commodity which bears, or the label or content of which bears, the trade-mark, brand, or the name of the producer or owner of such commodity and which is in

ing contracts stipulating resale prices for its products, and that the defendant with notice, thereafter sold Guerlain products in its retail store in Newark at less than the stipulated prices, the plaintiff filed its complaint in the present suit seeking an injunction and damages. The defendant filed an answer and the case came on for hearing on an application for a preliminary injunction. At this hearing it was stipulated that the case should be dealt with as on final hearing and "that the merchandise in question was purchased by the defendant prior to the existence of any price fixing contracts made by the plaintiff with other persons or retailers."

Thereafter the district court made detailed findings of fact, including a finding that the plaintiff had on or about October 8, 1937 "adopted a system of selling and distributing its products by which written contracts are entered into between complainant and retailers of complainant's products," and a finding that "defendant in good faith offered complainant to enter into contract for the sale and resale of its products bearing the trade-mark, name, brand, label, 'Guerlain,' alone or in combination, and to maintain the minimum resale prices legally fixed for the State of New Jersey, and that said offer was refused by complainant." Upon the agreed facts and its findings of fact the district court found in favor of the defendant with respect to all merchandise owned by it prior to October 8, 1937. In spite of the parties' stipulation that only previously owned merchandise was involved in the case, however, the court found in favor of the plaintiff as to all merchandise purchased subsequent to October 8, 1937 and entered a final decree granting a perpetual injunction against the sale of such after-acquired merchandise at less than the prices stipulated in the plaintiff's contracts. In so doing the court erred.

Since the parties had stipulated that the merchandise involved in the suit had all been purchased prior to October 8, 1937, the date that the plaintiff entered into its price fixing contracts, and the court had not and indeed could not have found that the defendant was selling merchandise purchased thereafter, it was clearly error for the court to enjoin the sale of such merchandise. As we have seen, the court held that the plaintiff was not entitled to an injunction against the sale by the defendant for less than contract prices of the merchandise which it had purchased before October 8, 1937. In so doing it rightly followed the law of New Jersey, in which state it has been held that the Fair Trade Act does not apply to merchandise acquired before the receipt of notice that a contract has been made under the act. Lentheric v. Weissbard, 122 N.J.Eq. 573, 195 A. 818.

An examination of the record of this case fails to disclose any competent proof to support the court's finding that contracts had been entered into by the plaintiff under the Fair Trade Act. The plaintiff neither averred nor proved the execution of a specific contract or the identity of any party in New Jersey with whom such a contract was made. We think this was fatal to the plaintiff's right to relief even if it were assumed that after-acquired merchandise was involved. It was so held by the Court of Chancery of New Jersey in Schenley Products Co. v. Franklin Stores Co., 122 N.J.Eq. 69, 192 A. 375. While its decision in that case was reversed by the Court of Errors and Appeals (124 N.J.Eq. 100, 199 A. 402), the reversal was upon another point. The opinion of the Court of Errors and Appeals indicates that the amended and supplemental bills of complaint which had been filed in the case did aver a specific agreement and name the parties thereto.

---

fair and open competition with commodities of the same general class produced by others shall be deemed in violation of any law of this state by reason of any of the following provisions which may be contained in such contract:

"(a) That the buyer will not resell such commodity except at the price stipulated by the vendor;

"(b) That the producer or vendee of a commodity require upon the sale of such commodity to another, that such purchaser agree that he will not, in turn, resell except at the price stipulated by such producer or vendee.

"2. Such provisions in any contract shall be deemed to contain or imply conditions that such commodities may be resold without reference to such agreement in the following cases:

"(a) In closing out the owners' stock for the purpose of discontinuing delivering any such commodity;

"(b) When the goods are damaged or deteriorated in quality, and notice is given the public thereof;

"(c) By any officer acting under orders of any court."

Finally we think that the court erred in not holding that the plaintiff's refusal to enter into a contract with the defendant at the request of the latter barred its right to equitable relief under the Fair Trade Act. In Lentheric v. Weissbard, supra, the Court of Chancery of New Jersey held that under such circumstances injunctive relief should be withheld. The district court felt that this decision was not binding upon it, but, conceding that it is not the decision of the highest court of New Jersey, we see no reason for holding that it is not a correct expression of the law of that state. As such it was binding on the district court.

The decree of the district court is reversed and the cause is remanded with directions to dismiss the complaint.

