This matter is before the court on the return of an order to show cause why a preliminary injunction should not issue enjoining the defendants from selling the products of the complainant at less than the minimum resale prices fixed by the complainant under R.S. 56:4-3 et seq., commonly called the Fair Trade act.
The complainant, Bathasweet Corporation, is a producer and distributor of toilet articles extensively sold and distributed *Page 136 
under a distinctive trade-mark. The products of the complainant have been widely advertised and it has established a valuable good will in connection with its business and the trade-mark under which its products are sold and distributed. In accordance with the statute, the complainant, in May, 1938, fixed and established minimum prices for the resale of its products. Until about October of that year retailers generally, including the defendants, observed the resale prices in the sale of complainant's products to the public.
The defendants operate retail drug stores in the city of Newark. The complainant charges, and the defendants admit, that they are now selling complainant's product Bathasweet at less than the price fixed by the complainant pursuant to its contract. The defendants allege, however, that the complainant has abandoned the fair trade price structure theretofore established and that they are no longer required to observe complainant's minimum resale prices. The defendants did not sign a contract with the complainant and they were therefore bound by the statute to observe only those provisions of the complainant's contracts with other retailers which fix the minimum resale prices. No other contract terms are binding on non-signatory retailers.
There is no material factual dispute. Although all of the facts do not appear in the bill of complaint, the complainant now concedes the truth of the matters presented in the defendant's affidavit. Since these generally relate to correspondence passing between counsel for the respective parties and various advertisements and notices issued by the complainant, their genuineness was not and could not be questioned. The only issue, therefore, is one of law.
There was no price cutting by the defendants on the complainant's products until the complainant put upon the market a so-called "1938 Bonus Package" consisting of Bathasweet which had been previously price-fixed by the complainant at eighty-three cents and another article also produced by the complainant. The resale price of the bonus package was also fixed by the complainant at eighty-three cents. The defendants assert that they could not sell the *Page 137 
Bathasweet which they had purchased for resale independent of the bonus package, since the combination contained an additional item which the complainant was in effect giving away without further cost to the consumer.
In February, 1939, the complainant again marketed a combination package consisting of the regular $1 size of Bathasweet and the regular thirty-five cent size of Bathasweet soap, the combination package to be sold to the public for ninety-eight cents. It had previously fixed a minimum resale price of eighty-three cents for Bathasweet and twenty-nine cents for the soap. There was thus a difference of fourteen cents between the price of the combination and the aggregate price of both articles if sold independently. In view of the combination, the defendants and other retailers sold the individual items at less than their respective resale prices and the defendants so informed the complainant. Nothing was done by the complainant to enforce its price structure and it is apparent that it acquiesced in the sale by the defendants and other retailers of its products at prices below those it had established. This combination was subsequently withdrawn from the market by the complainant.
In 1940, the complainant again placed upon the market combination packages, a "Bonus Package" in January and a "Bargain Box" in June. The defendants again objected to this method of merchandising which prevented them from selling their stock of the complainant's products which they had purchased for resale independently of the combination packages.
This court had occasion to comment on the practice of manufacturers operating under the Fair Trade statute in combining articles for resale in one package. In Magazine Repeating RazorCo. v. Weissbard Bros., 125 N.J. Eq. 593; 7 Atl. Rep. 2d411, it pointed to the confusion which was created in the market as a result of the conduct of the manufacturer in combining a price-fixed article with another when the price of the combination was less than the total resale price of the articles if sold separately. While the combination in that case was different from the one here presented, the underlying principle is the same. Here the manufacturer *Page 138 
has lowered the fixed resale price on its trade-marked commodity by offering it in conjunction with another article to which it has also given a fixed value. Bathasweet price-fixed at eighty-three cents is obviously sold at less than that price when the producer permits its sale at ninety-eight cents in conjunction with another article for which it has fixed a minimum resale price of twenty-nine cents. The most recent combination package is equally illuminating. It is composed of a fifty cent size of Bathasweet, price-fixed for individual sale at forty-five cents, and a fifty cent size of Bathasweet Eau de Cologne, also bearing a minimum resale price of forty-five cents. For the combination of these two articles in a "Bargain Box," the complainant has set a price of sixty-nine cents. The retailer is therefore able to sell his stock of the individual items only by imposing upon his customers through concealing the existence of the combination package or refusing to sell it.
The Fair Trade act validated resale price maintenance agreements between a producer and a vendee of a commodity sold under a trade-mark, trade name or brand of the producer or owner of the commodity. These agreements at common law were against public policy. Ingersoll v. Goldstein, 84 N.J. Eq. 445;93 Atl. Rep. 193. Since the statute is in derogation of the common law, it must be strictly construed. The acts of this complainant are not sanctioned by the statute.
When the complainant placed upon the market a combination package for resale at a price which was less than the aggregate price of the combined items when sold independent of the combination, it abandoned its fair trade contract and the prices fixed thereunder on the individual items. Once a manufacturer abandons his price structure he does not operate under the Fair Trade act unless and until he again properly avails himself of its provisions and complies therewith. The abandonment in this case occurred when the first package was marketed in 1938. It does not appear here that after the 1938 combination and the consequent abandonment by the complainant of its fair trade structure in respect of the combined items the complainant again brought itself within the provisions of the statute. Whether or not the complainant *Page 139 
did so does not, however, affect the decision in this case. Complainant has not shown that it has taken any steps since it marketed the bargain combination in the summer of 1940. The complainant must sustain this burden just as it must bear the initial burden of showing that it originally complied with the statute. The complainant, therefore, is not entitled to injunctive relief.
What aid this court would give to a producer who by frequent abandonment of its price structure repeatedly precipitates confusion among its retailers need not now be decided. This court has refused relief in applications of this kind where the owner of the trade-mark or the person interested in the good will which the trade-mark has created has failed to comply with well-settled equitable principles. Lentheric, Inc., v. Weissbard, 122 N.J. Eq. 573; 195 Atl. Rep. 818; Magazine Repeating Razor Co. v.Weissbard Bros., supra.
Examination of the bill of complaint and the affidavits of the complainant and the defendants discloses that no injunction should issue under the well-settled rule of Citizens Coach Co.
v. Camden Horse Railroad Co. (1878), 29 N.J. Eq. 299.
 The application for a preliminary injunction is denied. *Page 140