[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 570 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 571 
The defendants, Arnold Bakers, Inc., and Arnold Bread Sales Corporation, have moved for summary judgment in their favor on the pleadings and affidavits in accordance with Rules 3:56-2 and 3:56-3. On the main issue between the plaintiff and these defendants, there appears to be no substantial disagreement on the facts.
On March 3, 1947, defendant, Arnold Bakers, Inc., referred to as the bakery, entered into a written contract with plaintiff's assignors, whereby plaintiff was appointed the exclusive wholesale distributor of the bakery's products within prescribed territory. Plaintiff in turn entered into contracts, some written, others oral, with sub-distributors who sold to retailers and they to consumers. The contract provided that "Bakery will sell its products * * * to wholesale distributor * * * at regular wholesale prices as determined from time to time * * * The bakery reserves the right to fix wholesale and retail prices *Page 572 
pursuant to law." Defendant, Arnold Bakers, Inc., entered into identical contracts with 22 other wholesale distributors in areas within 14 states. The contracts entered into between the plaintiff and its sub-distributors have identical provisions, except that the word "wholesale" is omitted. The contract provided that the plaintiff could terminate the contract at any time upon 30 days' notice, but the bakery had "no right to revoke or cancel this agreement, so long as the wholesale distributor faithfully carries out the terms of this agreement."
The bakery from time to time fixed the prices of its products on all levels — to the wholesale distributors, sub-distributors, retailers and to the consumers. The plaintiff, however, sold the bakery's products to the sub-distributors at a higher price than that stipulated by the bakery. Despite formal demand that it adhere to the price schedule and notice that the contract would be terminated, unless it conformed thereto, plaintiff persistently refused to comply, continuing to charge the higher prices; thereupon, defendant rescinded the contract. While additional reasons for rescission are asserted by defendant, I conclude that the principal cause was plaintiff's insistence on selling defendant's products at a price higher than that stipulated by defendant. Plaintiff asserts that the bakery has the power to fix minimum prices only; that it is at liberty to sell the merchandise at any higher price; and that a provision or construction to the contrary is void, and therefore an unlawful basis for rescission of the contract.
Defendant, Arnold Bread Sales Corporation, was organized by the defendant bakery and since the rescission of plaintiff's contract, it has acted as distributor of bakery's commodities, serving the sub-distributors formerly served by the plaintiff.
The complaint prays for an injunction against the bakery and the sales corporation from selling or delivering the baked goods to anyone other than the plaintiff in the exclusive area, and for a restraint against the sub-distributors from purchasing except from plaintiff.
Upon the filing of the complaint, plaintiff obtained an order to show cause why a preliminary injunction should not issue, and after argument thereon Judge Bigelow (then Vice-Chancellor) *Page 573 
discharged it for reasons set forth in an unreported memorandum opinion. He held that (1) under R.S. 56:4-3 to 6, an agreement between a vendor and a vendee fixing a "stipulated" price is valid; (2) that plaintiff's refusal to abide by the resale price fixed by defendant constituted a breach justifying rescission by the bakery; and (3) that the contract was unenforceable because of uncertainty. I concur in the conclusions for these and additional reasons. The pleadings and affidavits filed since the argument on the order to show cause, merely elaborate upon and augment the facts above recited.
The motion for summary judgment in favor of the defendants should be granted. If the contract is certain and definite, plaintiff has violated it. If it is uncertain and vague, it is incapable of enforcement.
Plaintiff alludes to sales price differentials under which it operated prior to the execution of the contract. However, the contract upon its face purports to contain the whole agreement between the parties; it supersedes all prior agreements, and, in the absence of ambiguity, the rights, duties and obligations of the parties are to be determined therefrom. Naumberg v. Young,44 N.J. Law 331 (Sup. Ct. 1882). Bellisfield v. Holcombe,102 N.J. Eq. 20 (Ch. 1927). Where an ambiguous contract is susceptible of two meanings, one of which, if adopted, renders the contract contrary to public policy and void, and the other results in a lawful and valid contract, the latter meaning should be adopted.Kelly v. Guarantee Trust Co., 114 N.J. Eq. 110 (E. A. 1933).
Our Fair Trade Act (R.S. 56:4-1 et seq.) provides that a contract is valid if it contains a provision "That the buyer will not resell such commodity except at the price stipulated by the vendor." (R.S. 56:4-5a) A contract between a producer and a distributor requiring the buyer to resell at the absolute price fixed by the seller is enforceable. Johnson Johnson v.Weissbard, 121 N.J. Eq. 585 (E. A. 1937); SchenleyProducts Co. v. Franklin Stores Co., 124 N.J. Eq. 100 (E. A. 1937); Pazen v. Silver Rod Stores, Inc., 130 N.J. Eq. 407
(E. A. 1941); Frank Fischer, c. Corp. v. Ritz Drug Co.,129 N.J. Eq. 105 (Ch. 1941). *Page 574 
Apart from the provisions of the Fair Trade Act, however, the relationship between the plaintiff and the defendant bakery enabled the defendant to fix an absolute price for the resale of its commodities, which the plaintiff was bound to obey. Under the contract, defendant as producer and plaintiff as distributor became employer and independent contractor. One of the terms agreed to by the plaintiff was that the bakery reserved the right to fix wholesale and retail prices. The plan was of course devised for the purpose of enabling the bakery to distribute its products through wholesale dealers at price level fixed by it and to prevent the sale by the dealers at different and competing prices. A manufacturer or producer may fix the price at which his distributors shall sell his products. U.S. v. General ElectricCo., 272 U.S. 476, 71 L.Ed. 362, 47 S.Ct. 192. Briggs v. FordMotor Co., (C.C.A. 7, 1940) 113 Fed. (2d) 618; cert. denied,311 U.S. 688, 85 L.Ed. 444, 61 S.Ct. 65.
There are distinctions between the rights, duties and obligations arising from the relations of principal and agent, master and servant, and employer and independent contractor.Restatement, Agency, sec. 2. Schomp v. Fuller Brush Company,124 N.J. Law 487 (Sup. Ct. 1940), affirmed 126 N.J. Law 368(E. A. 1941); Singer Sewing, c., Co. v. N.J. Unemploymentc., 128 N.J. Law 611 (Sup. Ct. 1942), affirmed130 N.J. Law 173 (E. A. 1943). But they all impose common principles (Restatement, Agency, sec. 429), such as observance of contractual undertakings (sec. 377), of loyalty and obedience (sec. 385). Thus, a sales representative is under a clear duty to implicitly follow and not depart from the price fixed by the producer where he has specifically agreed to sell at such fixed price or where he knows that the producer has a fixed price policy. (Restatement, Agency, secs. 61 and 424). Here is a case where plaintiff not only refused to adhere to the price fixed by the defendant, but actually itself fixed and sold the commodity at a higher price. In so doing, it violated the expressed condition of the agreement and failed to perform its service with that loyalty and obedience which the law demands. To accede to plaintiff's contention that it could sell defendant's products at any higher price than that fixed by defendant, *Page 575 
would give plaintiff the power to remove defendant from the field by pricing its goods beyond competitive range. Plaintiff having failed to faithfully perform its contractual obligation, under the contract provisions and the law, defendant was justified in rescinding.
Moreover, the relief sought by plaintiff, even if it were otherwise entitled to it, can not be granted because of uncertainty in the contract. It provided for the sale of bakery products day by day throughout a period terminable only at the will of the plaintiff. There is no certainty or definiteness in the contract as to the quantity of goods to be sold or the price to be paid therefor. The agreement provided: "The bakery will sell its products every baking day to the wholesale distributor pursuant to the order which must be at the plant before 9:00 A.M. the day before delivery, at regular wholesale prices as determined from time to time. * * * The bakery reserves the right to fix wholesale and retail prices pursuant to law." Hence, the essential terms were left to future determination. The quantity was left to the will of one party, and the price, to the other. To be valid and enforceable, the law requires reasonable certainty. Restatement, Contracts, sec. 32. With respect to price, it is clear that the price must not be merely a price suggested, or recommended by the owner of the product, MagazineRepeating Razor Co. v. Weissbard, 125 N.J. Eq. 593, (Ch.
1939); it must be a "fixed" price or a "stipulated" price, or there must be some method agreed upon for definitely ascertaining it. Schenley Products v. Franklin Stores, supra. In Briggs v.Ford Motor Car Co., supra, the contract provided:
"(2) Company will sell its products to dealer f.o.b. Detroit, Michigan, at such net list prices, or at such discounts from published list prices as are from time to time fixed by the company."
"(5) List prices of all Ford products shall be subject to change at any time and from time to time without obligation on the company to adjust with the dealer as to price of any product shipped."
The court held the said provisions valid, saying:
"The net list prices and discounts from published list prices appearing in Paragraph 2 were well known to both parties. These net list prices and published list prices were the same to all dealers. They changed as necessity required. They were not lacking in definiteness, *Page 576 
but provided a method whereby the prices could be definitely ascertained at any time."
In this case, the contract does not stipulate any prices nor does it refer to or provide any definite method for ascertaining them.Andreula v. Slovak Gymnastic, c., 140 N.J. Eq. 171 (E. A. 1947).
The cases of Anderson Brown Co. v. Anderson, (C.C.A. 7, 1947) 161 Fed. 2d 974, and Red Wing Shoe Co. v. ShepherdSafety Shoe Corp., (C.C.A. 7, 1947) 164 Fed. 2d 415, are directly in point. In the former case, the plaintiff sought the same relief as plaintiff in this case. The court said:
"Our ruling is, of course, not based on the mere fact the prices were not specifically fixed by the terms of the contract. It is quite customary for agency agreements (as in Briggs v.Ford Motor Co., 7 Cir., 113 Fed.2d 618) and other contracts involving the future delivery of goods to leave the element of price open for determination at a later date. However, while it is not essential that the price be specifically fixed by the contract, it is clear from the cases that there must be some method agreed upon for definitely ascertaining it. U.S. v. Swift Co., 270 U.S. 124; 46 S.Ct. 308, 70 L.Ed. 497. Briggsv. Ford, supra. The general rule is stated in Williston onContracts (2nd Ed.), Vol. 1, Sec. 41. * * *
"We find no error in the ruling of the court that the contract sued upon was unenforceable, basing our decision on the absence therefrom of any enforceable provision for fixing prices for the goods involved."
Summary judgment in favor of the defendants against the plaintiff will be entered. *Page 577