PORT CHESTER WINE & LIQUOR SHOP, INC., et al., Respondents, *v.* MILLER BROS. FRUITERERS, INC., Appellant.

Argued April 20, 1939; decided July 11, 1939.

*Miner W. Tuttle, Walter C. Lundgren, John E. Haigney* and *Soia Mentschikoff* for appellant.

*Benjamin I. Tunick* for respondents.

*Thomas Kiernan, Orison S. Marden* and *Ezra Cornell* for Seagram Distillers Corporation et al., *amici curiæ.*

LOUGHRAN, J. This case presents questions as to the construction and application of the Fair Trade Act of the State (Laws of 1935, ch. 976).

The statute is entitled, " An Act to protect trade mark owners, distributors and the public against injurious and uneconomic practices in the distribution of articles of standard quality under a distinguished trade mark, brand, or name." Section 1 provides in part: " No contract relating to the sale or resale of a commodity which bears, or the label or content of which bears, the trade mark, brand or name of the producer or owner of such commodity and which is in fair and open competition with commodities of the same general class produced by others shall be deemed in violation of any law of the state of New York by reason of any of the following provisions which may be contained

in such contract: (a) That the buyer will not resell such commodity except at the price stipulated by the vendor * * *." Section 2 provides in part: " Willfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provision of section one of this act, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."

Other provisions of the statute which exclude several situations from its operation are unrelated to the present case. In *Bourjois Sales Corp.* v. *Dorfman* (273 N. Y. 167) this court surrendered its view that section 2 is essentially obnoxious to the due process clauses.

Plaintiffs do business in the village of Port Chester as vendors of alcoholic beverages at retail for off-premises consumption. Pursuant to the Fair Trade Act, they agreed not to resell specified branded liquors which were within the purview of the statute, except at prices stipulated by the distillers thereof. With knowledge of these agreements, the defendant, a competitor of the plaintiffs, acquired liquors of the same brands and resold them at retail at prices less than the retail prices stipulated by the distillers. These admitted violations of the statute having been enjoined by a judgment granted to the plaintiffs on the pleadings, the defendant now appeals to this court by leave of the Appellate Division. Precisely stated, the issue for determination is whether a violation of section 2 by a non-signatory retail reseller is actionable at the suit of a signatory competitor.

Before the Fair Trade Act had become part of our statutes, it had been said in this court: " The law endeavors to protect the interest of parties in existing contractual relations from intentional and wrongful interference by strangers. The principle constitutes a limitation upon the doctrine of freedom of contract, which courts have imposed in an attempt to promote justice and fair dealing and to prevent

wrongs." (*Reiner* v. *North American Newspaper Alliance*, 259 N. Y. 250, 254.) Section 2 of the statute is an extension of this principle. Conscious disregard of price maintenance provisions by non-signatories is made a tort (" unfair competition ") and is made " actionable at the suit of any person damaged thereby." This last phrase must, we think, be taken to include a retail reseller who is bound to abide by the resale price restrictions of a fair trade agreement.

Our conclusion is that the relief awarded to the plaintiffs by the courts below had clear warrant in the statute.

We express no opinion as to whether a reseller must observe resale price restrictions laid down after he acquired the commodity. (Cf. *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp.*, 299 U. S. 183, 194.)

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment affirmed.