JULIUS WEISSTEIN, Plaintiff, *v.* PETER CORBYON LIQUOR STORE, INC., Defendant.

Supreme Court, Special Term, New York County, August 26, 1940.

*Seymour Groshut*, for the plaintiff.

*Newmark & Schlossberg* [*Charles W. Newmark* of counsel], for the defendant.

BERNSTEIN, J. This is a motion under rule 109 of the Rules of Civil Practice to strike out the first separate defense set up in the answer on the ground of insufficiency. The defendant meets the attack by a counter-attack on the complaint. It contends that the complaint is fatally defective because it shows that the plaintiff, who is suing to restrain the defendant from cutting prices of liquors under the Fair Trade Act (Laws of 1935, chap. 976), is not a signer of any price-fixing contracts. The court must overrule that contention. The statute permits " any person damaged thereby " to bring action for a violation. It contains no requirement that the person damaged must be a signatory to a contract. The plaintiff is a person damaged because he is a competitor, and his right to sue and be awarded injunctive relief has been recognized. (*Port Chester Wine & Liquor Shop* v. *Miller Bros.*, 281 N. Y. 101.) While the plaintiffs in the cited case were in fact signatories, the decision did not turn on that circumstance, for it was said there that the words " ' actionable at the suit of any person damaged thereby ' * * * must, we think, be taken to include a retail reseller who is bound to abide by the resale price restrictions of a fair trade agreement " (p. 106). That description aptly fits the plaintiff here.

While the complaint is good, the defense, however, is also good. Its gist is that the plaintiff, who seeks injunctive relief in equity, is not entitled to it because he is also a violator. It is a defense of unclean hands which, if established, would result in the denial of the relief sought by him in the action. (*Kline, Inc.*, v. *Davega-City Radio, Inc.*, 168 Misc. 185.) The defense also charges the plaintiff with having conspired with other competitors of the defendant to compel its observance of the fair-trade act, while leaving the plaintiff and others to violate it. Such a defense has also been held sufficient. (*Costa* v. *Century Drug*, N. Y. L. J. Dec. 30, 1939, LOCKWOOD, J.)

The plaintiff's claim that the defense is insufficient because it does not allege notice to him of the price-fixing contracts, is obviously without merit. The institution of the action indicates his knowledge of the contracts, and the allegation of his subsequent sales at prices less than those fixed in the contracts necessarily ties him up with that knowledge.

The motion to strike out the defense as insufficient is denied.