Sidney A. Fine, J.
In this action for an injunction and damages, brought pursuant to article XXIV-A (§§ 369-a-369-e) of the General Business Law, popularly known as the Fair Trade Law, defendant has moved to dismiss the amended complaint pursuant to rule 106 of the Rules of Civil Practice, on the ground that it does not state facts sufficient to constitute a cause of action. Plaintiff has at the same time renewed his motion for a temporary injunction, which was previously denied without prejudice to renewal upon proper papers. Decision on the latter motion is being held in abeyance pending determination of the motion to dismiss.
The amended complaint makes the following assertions. Plaintiff is the owner of a retail pharmacy wherein he sells at retail cosmetics, toiletries and other sundry items in competition with defendant, which owns and operates a supermarket in the vicinity of plaintiff’s establishment. Among the products which are sold both by plaintiff and defendant, are some 38 different items of cosmetics and toiletries, identified in the amended complaint, which bear the distinctive trade-marks, brands and names of the producers, owners or distributors thereof. All of these items are articles of standard quality, packaged in standard sizes, and are in fair and open competition with commodities of the same general class produced by others. Pursuant to the Fair Trade Law (General Business Law, § 369-a), the producers, owners and distributors of these items have entered into contracts with retail dealers and distributors throughout the State, which are still in effect, fixing the minimum resale prices of such products for sale at retail in accordance with certain schedules of prices, fixed from time to time. Defendant had notice and knowledge of the existence and terms of the said contracts, and of the minimum prices fixed therein. But it has nevertheless "wrongfully, wilfully and knowingly ”, advertised, offered for sale and sold the products in question “ at prices lower than those fixed by the aforesaid contracts and price schedules by giving away at no extra cost trading stamps ”, *290 which “ are valuable and may be redeemed for merchandise in accordance with a catalogue published by defendant”. And defendant, it is further alleged, has continued to violate the Fair Trade Law.
The amended complaint then sets forth alleged facts tending to show that plaintiff has suffered loss of business by reason of defendant’s acts, and asserts that plaintiff has duly complied with all the terms and conditions of the afore-mentioned fair-trade contracts, and that he has no adequate remedy at law. Further facts are alleged to show that the case does not fall within any of the exceptions specified in the statute (General Business Law, § 369-a, subd. 2).
Annexed to the amended complaint are schedules of the particular products and of the names of the producers and distributors who are alleged to have entered into the fair-trade contracts affecting such products. No copies of the contracts are, however, set forth, and the complaint does not specify the minimum resale prices fixed by such contracts or the prices at which the products are allegedly being sold by defendant.
Defendant in no way disputes the basic claim urged by plaintiff, that the delivery to customers, at no extra cost, of trading stamps redeemable in merchandise, upon the sale of products at fair-trade prices, may in effect be the equivalent of a cash discount, thereby violating the Fair Trade Law (see Bristol-Myers Co. v. Picker, 302 N. Y. 61, 67-68). Nor does defendant raise any question with regard to the applicability of the Fair Trade Law by reason of the fact that' neither plaintiff nor defendant is a signatory of the fair-trade contracts here involved. (See Port Chester Wine & Liquor Shop v. Miller Bros., 281 N. Y. 101; General Elec. Co. v. Masters, Inc., 307 N. Y. 229; Weisstein v. Corbyn Liquor Store, 174 Misc. 1075; Katz v. Gevirtz, 83 N. Y. S. 2d 52.)
Defendant’s sole attack on the amended complaint is that its assertions amount only to conclusions of law, rather than factual allegations, in view of its failure to specify the applicable fair-trade prices and defendant’s sales prices, and to set forth copies of the pertinent fair-trade contracts.
It is settled, however, that a complaint attacked for insufficiency must be liberally construed (Civ. Prac. Act, § 275), and every fair inference resolved in its favor, ‘1 However imperfectly, informally or even illogically the facts may be stated ” (see Condon v. Associated Hosp. Service, 287 N. Y. 411, 414). “ Amomplaint may state facts sufficient to constitute a cause of action though the statement may lack definiteness and precision.” (See Gerdes v. Reynolds, 281 N. Y. 180, 184.)
*291 Applying these principles of construction, it seems clear that the amended complaint sets forth a plain and concise statement of the material facts sufficient to give rise to a cause of action under section 369-b of the General Business Law. It may fairly be read as charging defendant with circumventing the minimum resale prices fixed by the fair-trade contracts for the articles in question, by giving trading stamps at no extra cost to purchasers of the articles. The allegations setting forth this charge, though phrased without particularizing the fair-trade prices or the prices nominally fixed for the articles by defendant, are nevertheless statements of fact and cannot be rejected as mere conclusions of law (Katz v. Gevirtz, supra; cf. Abrams v. Allen, 297 N. Y. 52), especially where, as here, the alleged violation does not turn on the nominal price at which the articles are sold. As the Court of Appeals has observed, the remedy of a defendant aggrieved by lack of definiteness or precision in a complaint, such as is here urged, is to move, not for a dismissal of the complaint on the ground of insufficiency, but “ for a bill of particulars or for an order to serve an amended pleading which will remove indefiniteness, uncertainty or obscurity (Rules of Civil Practice, rule 102) ” (see Gerdes v. Reynolds, supra, p. 184; Pfleuger v. Pfleuger, 304 N. Y. 148, 152).
Defendant’s motion to dismiss the amended comnlaint is in all respects denied.