John E. Cone, J.
Plaintiffs, in a suit for a permanent injunction, seek by the instant application to restrain defendant pendente lite from advertising, offering for sale or selling, below the prices established in certain ‘ ‘ fair trade ’ ’ contracts and in price schedules established pursuant thereto, commodities produced, owned or distributed by persons named in the schedule annexed to the complaint.
In addition to the affidavits of two of the plaintiffs and those of certain individuals who allegedly purchased items from defendant at prices below the “ fair trade ” prices, there is submitted an affidavit by the attorney for plaintiffs, alleging that under a stipulation entered into between plaintiffs and defendant in 1957, copy of which is annexed to the moving papers, defendant agreed that it would notify plaintiffs’ attorney in writing of any instances of price cutting by defendant’s competitors and that it would not engage in any price cutting until 30 days after the sending of such notice and only if, by then, such competition had not ceased. The attorney’s affidavit alleges that at no time was any such notice, in writing or otherwise, given by defendant.
Defendant does not deny violating the “ fair trade ” agreements. It claims, however, that other retail drug dealers in the vicinity are selling the identical items below the prices established pursuant to the ‘ ‘ fair trade ’ ’ contracts, and that plaintiffs have, on at least three occasions, sold drug commodities below the established fair price. Defendant further objects that plaintiffs have not enforced the “fair trade” agreements against other violators operating in the vicinity.
(1) Plaintiffs claim to be competitors who have been, and continue to be, damaged by reason of the actions complained of; hence they are entitled to bring suit though they may not be signatories to any price fixing agreement. (General Business Law, § 369-b; Weisstein v. Peter Corbyon Liquor Store, 174 Misc. 1075; Katz v. Gevirtz, 83 N. Y. S. 2d 52.)
*839 (2) Defendant’s claim that others are violating the “fair trade ’ ’ agreements involved herein and that plaintiffs have not sought to enforce those agreements against such other violators is not of itself sufficient as a matter of law to defeat plaintiffs’ application for a temporary injunction. (National Distillers Products Corp. v. Columbus Circle Liquor Stores, 166 Misc. 719; Calvert Distillers Corp. v. Harry Fox, Inc., 87 N. Y. S. 2d 470.)
(3) With respect to defendant’s claim that plaintiffs themselves have on at least three occasions violated the “ fair trade ” agreements, the proof offered by defendant leaves something to be desired. The only proof offered in support of such claim is an affidavit of one Louis Cohen showing that on one occasion he made a purchase at plaintiff Ditchek’s drugstore of two items at a price below the established “fair trade” price; moreover there is no proof offered to show that plaintiffs Anderson and Wilburn were involved in any price cutting in violation of the “ fair trade ” agreements.
(4) A reading of the stipulation hereinbefore referred to discloses that there is clearly no merit to defendant’s additional contentions that under the terms of the stipulation plaintiffs were required to institute proceedings to enjoin other violators of the “fair trade ” agreements who operated in the vicinity and that defendant was required to give notice to plaintiffs only as to any violations by those individuals of whom the Brooklyn Pharmaceutical Association had no notice.
Accordingly, the motion for a temporary injunction is granted as to any commodities produced, owned or distributed by the persons named in the complaint, whose “fair trade” prices have been established under agreements entered into pursuant to section 369-a of the General Business Law as alleged in the complaint, and as to which defendant has received notice.
Settle order on notice.