M. Henry Martuscello, J.
Defendant moves under subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.
This action is brought under article 24-A of the General Business Law (Fair Trade Law) (§§ 369-a, 369-b) and seeks an injunction and damages.
The court is authorized on this motion to accept as true the allegations contained in the complaint and to draw therefrom all inferences favorable to the plaintiff.
Defendant contends that the complaint is defective since it does not show that plaintiff was a party to any of the price contracts mentioned in the complaint. I am of the opinion that a nonsignatory to a fair-trade agreement may invoke the provisions of the Fair Trade Law against a nonsignatory competitor. In Port Chester Wine & Liq. Shop v. Miller Bros. Fruiterers (281 N. Y. 101, 106) it was held that “ Conscious dis *640 regard of price maintenance provisions by non-signatories is made a tort (‘ unfair competition ’) and is made ‘ actionable at the suit of any person damaged thereby.’ This last phrase must, we think, be taken to include a retail reseller who is bound to abide by the resale price restrictions of a fair trade agreement.” (Italics supplied.)
Plaintiff although not a signatory was nevertheless bound under the law to abide by resale price restrictions of a fair-trade agreement and therefore comes within the phrase “ any person damaged thereby ’ ’.
Motion denied. Submit order.