MAX FACTOR & CO., Plaintiff,
v.
PARK ROW CUT RATE, Defendant.

MAX FACTOR & CO., Plaintiff,
v.
JANEL SALES CORP., Defendant.

MAX FACTOR & CO., Plaintiff,
v.
DEALRITE MERCHANDISE CORP., Defendant.

MAX FACTOR & CO., Plaintiff,
v.
NORTHWEST WHOLESALE CORP., Defendant.

MAX FACTOR & CO., Plaintiff,
v.
WORLD MERCHANDISE EXCHANGE, a/k/a World Merchandise Exchange Trading Co., Inc., Defendant.

MAX FACTOR & CO., Plaintiff,
v.
BARNEY'S 42ND ST. CORP., a/k/a Barney's, Defendant.

United States District Court
S. D. New York.
April 4, 1961.

Regan, Goldfarb, Powell & Quinn, New York City, for plaintiff; Joseph P. Altier, New York City, of counsel.

Edwin Jacobson, Hicksville, N. Y., for defendants, Janel Sales Corp., Dealrite Merchandise Corp., Northwest Wholesale Corp., Park Row Cut Rate, and World Merchandise Exchange.

Gerald Adler, Brooklyn, N. Y., for defendant, Barney's 42nd St. Corp.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff, a large manufacturer of cosmetics, sues to restrain defendants from violating the Feld Crawford Act (New York General Business Law, McKinney's Consol.Laws, c. 20, § 369–a et seq.). It now moves for a preliminary injunction enjoining the respective defendants, who operate retail stores which carry plaintiff's trademark products, from selling such products at less than established fair trade prices.

Plaintiff is incorporated in Delaware and has its principal place of business in California. Defendants in each of these actions are New York corporations operating retail stores in New York. Jurisdiction is based on diversity of citizenship. All of these motions have common questions of law and fact and by agreement of counsel for all parties, are being decided together.

Although the defendants have never signed resale price maintenance agreements with the plaintiff, numerous other New York retailers have signed such agreements. Under the New York resale price maintenance law the non-signatory retailers are bound to observe resale prices established by contract. New York General Business Law, § 369–b.

It is not seriously disputed that the various defendants are selling plaintiff's trademark cosmetic products at less than their established prices. Moreover, it appears that plaintiff has made and is continuing to make reasonable and diligent efforts to enforce its fair price structure. The defendants' continued disregard for plaintiff's rights under the Feld Crawford Act is undermining the plaintiff's fair trade price structure, and unless restrained pending trial such conduct may lead to the destruction of plaintiff's fair trade system and the impairment of its good will. The relief which plaintiff seeks is for the sole purpose of enforcing its fair trade rights and the granting of a pre-

liminary injunction which restrains defendants only from underselling plaintiff's fair trade prices, and not from selling plaintiff's products, could impose no undue hardship on them.

■ Thus, it would appear that plaintiff has established its right to a preliminary injunction.

However, defendants raise one question which requires brief discussion. Plaintiff is a foreign corporation which does not have a certificate of authority to do business in New York. Under Section 218 of the New York General Corporation Law, McKinney's Consol.Laws, c. 23 no corporation doing business in the state may "maintain any action in this state upon any contract made by it in this state * * *" without such a certificate.

Defendants contend that plaintiff is doing business in New York and that the present action is an action upon a contract made in this state. They therefore urge that the plaintiff is prohibited from maintaining this action because of Section 218.

The defendants have failed to show that this defense has any merit.

■ 1. Section 218 requires that the action be "upon" a contract. The New York cases make it quite clear that this action under the Feld Crawford Act against non-signatories is not one upon contract but sounds in tort. Port Chester Wine & Liquor Shop, Inc. v. Miller Bros. Fruiterers, Inc., 281 N.Y. 101, 22 N.E.2d 253; Whelan Drug Co., Inc. v. Doz, Inc., Supreme Court, Special Term, Kings County, 16 Misc.2d 639, 183 N.Y.S.2d 255; Gillette Co. v. Amalgamated Health & Drug Plan, Inc., Supreme Court, Special Term, Part I, New York County, New York Law Journal, March 15, 1961, p. 14. See, also, Schwegmann Bros. v. Calvert Distillers Corp., 341 U.S. 384, 71 S.Ct. 745, 95 L.Ed. 1035.

Eli Lilly & Co. v. Sav-on-Drugs, Inc., 31 N.J. 591, 158 A.2d 528, 1959 Trade Cases, ¶ 69480, probable jurisdiction noted 364 U.S. 860, 81 S.Ct. 102, 5 L.Ed. 2d 84, is not only based on interpretation of the New Jersey statute by the New Jersey courts but presents a different factual picture and is not at all apposite here.

2. Section 218 denies the right to maintain action upon contract only to corporations doing business in New York. Plaintiff unequivocally states that it is not doing business here within the meaning of Section 218. Defendants have shown nothing to the contrary. See William L. Bonnell Co., Inc. v. Katz, Supreme Court, Special and Trial Term, New York County, 23 Misc.2d 1028, 196 N.Y.S.2d 763.

3. Even were it to be assumed that this is an action "upon" one of plaintiff's fair trade contracts, which it is not, Section 218 forbids the maintenance of action in this state only if the contract is made in this state. From all that appears from the papers before me, it is too plain for discussion that the fair trade contracts which give rise to plaintiff's cause of action against non-signatories were made in California where the final acceptance was signed and not in this state. See Bremer v. Ring, 1st Dept., 146 App.Div. 724, 131 N.Y.S. 487; National Merchandising Corp. v. Powers, Supreme Court, Special Term, Onondaga County, 8 Misc.2d 881, 168 N.Y.S.2d 507.

Plaintiff has established its right to a preliminary injunction since the defendants' acts are in clear violation of Section 369–b of the New York General Business Law, and, unless restrained pending trial, will result in irreparable injury to the plaintiff and may lead to the destruction of its fair trade structure and the impairment of its good will. Plaintiff's motion for a preliminary injunction in each of these actions is granted.

The foregoing constitute my findings of fact and conclusions of law pursuant to Rule 52(a), F.R.Civ.P., 28 U.S.C.A., and plaintiff will post security of $500 in each of the pending actions pursuant to Rule 65(c), F.R.C.P., as a condition of the grant of injunctive relief.

Settle order on notice conforming to Rule 65(d).