298 F.2d 511
 MAX FACTOR & CO., Plaintiff-Appellee,
v.
JANEL SALES CORP., Defendant-Appellant.
MAX FACTOR & CO., Plaintiff-Appellee,
v.
NORTHWEST WHOLESALE CORP., Defendant-Appellant.
MAX FACTOR & CO., Plaintiff-Appellee,
v.
DEALRITE MERCHANDISE CORP., Defendant-Appellant.
MAX FACTOR & CO., Plaintiff-Appellee,
v.
PARK ROW CUT RATE, Defendant-Appellant.
MAX FACTOR & CO., Plaintiff-Appellee,
v.
WORLD MERCHANDISE EXCHANGE, a/k/a World Merchandise Exchange
Trading Co., Inc., Defendant-Appellant.
 Nos. 149, 150-153, Dockets 27063-27067.
 United States Court of Appeals Second Circuit.
 Argued Dec. 13, 1961.
Decided Jan. 19, 1962.
 
 Edwin Jacobson, Hicksville, N.Y., for defendants-appellants.
 Sidney P. Howell, Jr., New York City (Regan, Goldfarb, Powell & Quinn, New York City, Richard S. Guyer, New York City, on the brief), for plaintiff-appellee.
 Before LUMBARD, Chief Judge, and MOORE and HAYS, Circuit Judges.
 PER CURIAM.
 
 
 1
 These five appeals pursuant to 28 U.S.C. 1292(a) are from orders of the district court granting plaintiff-appellee, Max Factor & Co., temporary injunctions against the defendant-appellant retailers enjoining them from advertising, offering for sale or selling at retail in New York appellee's products at prices below the minimum resale prices stipulated by appellee. Jurisdiction is based upon diversity of citizenship. Plaintiff-appellee is incorporated in Delaware and has its principal place of business in California; defendants-appellants are New York corporations operating retail stores in New York. The suit was brought under the Feld-Crawford Act. N.Y.Gen.Bus.Law, 369.
 
 
 2
 Appellants' main argument is that the district court erred in holding that 218 of the New York General Corporation Law does not prohibit appellee from maintaining these suits. There are three separate requirements which must be established before this section disqualifies a foreign corporation from maintaining an action without a certificate of authority: (1) it must be 'doing business in this sate'; (2) the action must be upon a contract; and (3) the contract must be 'made by it in this state.'
 
 
 3
 ( 1) The district court held that appellee was not doing business in New York. Were this a dterminative factor, a hearing to develop the facts might be necessary; but it is not
 
 
 4
 ( 2) Between appellants and appellee, there were no fair trade contractual relationships. However, the retailer violating the stipulated price, even though 'not a party to such (fair trade) contract' is guilty of 'unfair competition' and is subject to suit by any person damaged by price violations. N.Y.Gen.Bus.Law, 369(b). The action, created by statute and not by contract, therefore, does not come within the prohibition of Section 218. In Port Chester Wine & Liquor Shop, Inc. v. Miller Bros. Fruiterers, Inc.,281 N.Y. 101 at 106, 22 N.E.2d 253 (1939), the Court of Appeals said:
 
 
 5
 'Conscious disregard of price maintenance provisions by non-signatories is made a tort ('unfair competition') and is made 'actionable at the suit of any person damaged thereby."
 
 
 6
 Recntly (1961) the New York courts have expressed opinions that fair trade enforcement actions are based on 'a statutory rather than a contractual right.' Hoffman-LaRoche, Inc. v. Prescription Center, 145 N.Y.L.J. No. 96, p. 19 (Sup.Ct.Nass.Co., June 18 1961). See also Gillette Co. v. Amalgamated Health & Drug Plan Inc., 145 N.Y.L.J.No. 50, p. 14 (Sup.Ct.N.Y.Co., March 15, 1961) ('violations of the fair trade laws * * * have by legislative fiat been designated as unfair competition').
 
 
 7
 ( 3) There was adequate ground for the court below to find that the contract, upon which these actions against non-signatories were based, was signed by Max Factor in California after being signed by the New York retailer. Thus, the contract was not 'made' in New York but, rather, where the second signature was affixed. Knight Products, Inc. v. Donnen-Fuel Co., 20 N.Y.S.2d 135, 139 (Supreme Ct.1940).
 
 
 8
 The prior decisions in cases brought by appellee in the New York Supreme Court for similar relief against other retailers are not controlling. Those decisions upon motions to strike defenses were based solely upon the legal sufficiency of the pleadings whereas here the district court had an adequate factual background for its conclusions. Nor can we say that the district court was clearly erroneous in concluding that appellee had sufficiently shown irreparable harm to its fair trade program and good will.
 
 
 9
 Orders affirmed.