GILLETTE SAFETY RAZOR COMPANY, Plaintiff, *v.* CHARLES GREEN and Another, Individually and as Partners Trading under the Name and Style of CHARLES GREEN SALES Co., Defendants.

Supreme Court, Special Term, New York County, March 30, 1938.

*Nims & Verdi* [*Wallace H. Martin* of counsel], for the plaintiff.

*Edgar M. Leventritt* [*T. Roland Berner* of counsel], for the defendants.

KOCH, J. This action is brought pursuant to chapter 976 of the Laws of 1935 of the State of New York, commonly known as the Feld-Crawford Fair Trade Act.

Plaintiff seeks to enjoin the defendants, who are engaged in the wholesale drug business, from advertising, offering for sale or selling plaintiff's trade-marked products at prices less than the prices set forth in contracts entered into between the plaintiff and other wholesalers.

The plaintiff is engaged in the manufacture and sale of safety razors, safety razor blades and other commodities which bear the trade-mark " Gillette," " Valet Auto Strop " and " Probak." The plaintiff entered into certain contracts with various wholesale dealers pursuant to the statute in question, whereby the resale

price was fixed to wholesalers. The defendants did not enter into a fair trade contract with the plaintiff but are bound, nevertheless, pursuant to the provisions of section 2 of that act. The defendants admit that they have been selling plaintiff's trademarked razor blades at prices less than the prices stipulated in the wholesaler's retail price contract. The plaintiff, in addition to sales to wholesalers, also sells to retailers such as chain, department, syndicate and cutlery stores. The same set price is charged to wholesalers and retailers less a discount of thirteen per cent and two per cent, but in the case of the retailers an additional eight per cent is allowed for so-called "Retail Sales Display and Promotion." To wholesalers for what is called "Wholesale Sales Promotion" a three per cent allowance only is given.

The defendants claim that plaintiff itself, by virtue of the foregoing allowance, has been selling to retail dealers at prices less than the defendants as wholesalers may purchase, and is, therefore, guilty of the very act of which it complains. In other words, the plaintiff has restricted the price to its wholesalers and then goes directly to retailers and offers its products at prices lower than those fixed by its own contractors by a subterfuge, as defendants claim, of additional discounts.

There is nothing in the law to prohibit a manufacturer or producer from selling both wholesale and retail, but if the equity powers of the court are sought to be invoked for relief under the provisions of the Fair Trade Act, it becomes necessary to consider whether within the intent and meaning of the act the plaintiff's conduct has been such as to merit the relief it seeks. The preamble of the Fair Trade Act states that its purpose is " to protect trademark owners, distributors, and the public against injurious and uneconomic practices in the distribution of articles of standard quality under a distinguished trade-mark, brand or name." Certainly, it was not the intention of the Legislature to permit a manufacturer or producer to be exempt from responsibility for conduct opposed to the very intent and purpose of this act.

The plaintiff has reserved to itself a group of retailers constituting possibly the most desirable group in the retail trade, to whom it gives the same discounts of thirteen per cent and two per cent as it gives to its wholesalers, and in addition a percentage larger than that given to its wholesalers for sales display and promotion. This is, of course, a distinct trade advantage and effectually bars the wholesaler from this attractive and profitable market. The Fair Trade Act was intended to protect not only the manufacturer or producer but also the distributor and the public as well. The plaintiff seeks to justify its position by the claim that it is a

manufacturer and that the statute was not intended to apply to manufacturers, that it was intended to stop price-cutting, and not to regulate a manufacturer's sales methods.

The court is unable to agree with the position taken by the plaintiff. The benefits which it was designed to create by the enactment of the Fair Trade Act would be practically nullified by permitting a practice under which the plaintiff could compete with the defendants and undersell them while requiring them to maintain a stipulated wholesale resale price fixed by the plaintiff. The mere fact that the plaintiff refers to itself as a manufacturer does not warrant it in going into unfair competition with the defendants.

Judgment is accordingly awarded the defendants. Settle judgment on notice.