FRANK BILLERIO et al., Plaintiffs, *v.* SAM FOTI et al., Defendants.

Supreme Court, Chautauqua County, June 5, 1950.

*Edwin G. O'Connor* for plaintiffs.

*Orrie A. Ottaway* for defendants.

SAMUEL J. HARRIS, Official Referee. By stipulation, the above-entitled action has been referred to me to hear, try and determine on the record as made before Hon. PARTON SWIFT, formerly an Official Referee.

The action is brought to avoid an alleged nuisance which plaintiffs claim has been caused by the defendants, and from which alleged nuisance plaintiffs claim damage for the flooding of their property.

The plaintiffs purchased certain property (farm land) in Chautauqua County by deed dated January 15, 1945. Adjoining such property are the premises of the defendants, purchased by them in April, 1925. Plaintiffs and defendants have been in possession of their respective premises and property from the date of their respective purchases of the same.

After the plaintiffs took possession of their property, they decided to develop a new vineyard on a certain portion of the same which had been previously devoted to other farming purposes. Plaintiffs, also, on the advice of conservation experts, did certain work on their property in order to get rid of excessive moisture and dampness in certain premises. In these efforts, plaintiffs dug a new ditch and cleaned out brush from old ditches and from what they claimed was the body of a stream. Defendants claim that no such stream existed, but I am satisfied, from the proof, that there was a well-defined stream meandering through the property of the plaintiffs, crossing to the property of the defendants and returning to the property of the plaintiffs. This stream varied in the amount of water which passed through the same, such variance being with the season, the weather and the amount of debris that accumulated in portions of the stream. The cleaning out of the stream by the plaintiffs on their land, resulted in a freer and fuller flow of water in the stream through the property of the plaintiffs,

across the boundary line to the property of the defendants, continuing thereon for some thirty feet and then returning to the property of the plaintiffs.

Defendants contend that there was no well-defined stream running through the property and claim that excess water came on to their property due to the ditching and other means of relieving plaintiff's property from excessive surface water.

My finding in this respect is, that the water coming on to the plaintiffs' property was in the bed of or part of a well-defined stream that previously existed and was in amount no extra burden on the property of the defendants. Following their contention, and prior to the beginning of the action, and after the plaintiffs had made the improvements above stated on their property, the defendants dammed the stream at a point on the defendants' property and thus caused the water of the stream to overflow back upon the plaintiffs' property and causing damage to the land with the new vineyard on plaintiffs' property. If the water were surface water and if the plaintiffs had unduly caused an extra burden of water on the defendants' property by spilling water on to the same, the defendants would have been well within their rights to exclude the flow from defendants' property; but as the water that was dammed by the defendants was part of and came within the bounds of a well-defined stream, the defendants had no right to build dams and in so doing created a nuisance injurious to the plaintiffs' land. (*Barkley* v. *Wilcox,* 86 N. Y. 140.)

I find that the nuisance created by the defendants destroyed all of the material and work which the plaintiffs had placed on one and one-half acres of new vineyard, and by reason of such destruction, the plaintiffs have been damaged in the sum of $249.

The above may be regarded as my decision in this action and based on the same, the plaintiffs may enter judgment against the defendants, directing them to remove the dams now in the stream and enjoining and restraining them from continuing such nuisance; such judgment giving to the plaintiffs damage in the sum of $249 against the defendants and dismissing the counterclaim.