Martin M. Frank, J.
In this action seeking to restrain violations of the Feld-Crawford (Fair Trade) Act (General Business Law, § 369-a et seq.), plaintiffs move for a temporary injunction. The plaintiffs are the owners of drugstores located in the same neighborhood as is the store operated by the defendants and are seeking to enforce the provisions of the act against their competitor.
No proof is adduced that the owners, manufacturers or distributors of the claimed fair-traded products are engaging in any program of enforcement of their price policies. It has been held that absent such activity, the act cannot be enforced. (Seagram-Distillers Corp. v. Ackerman, 263 App. Div. 1016; General Elec. Co. v. Macy & Co., 199 Misc. 87, 96; Automotive Elec. Service Corp. v. Times Square Store Corp., 175 Misc. 865, 872; Calvert Distillers Corp. v. Nussbaum Liq. Store, 166 Misc. 342, 346; General Elec. Co. v. Klein-on-the-Square, 121 N. Y. S. 2d 37, 54.)
At the time of the submission of this application, no answer was included in the papers and from the date of the verification of the complaint it may well be that the time to answer had not expired. Upon the answering affidavits it is evident that issues are raised with respect to the plaintiffs’ compliance with the act.
It has been held that a court of equity will not grant the drastic relief of a temporary injunction to one who has himself violated the contract or convenant sought to be enforced. (Ray Kline, Inc., v. Davega-City Radio, 168 Misc. 185; Weisstein v. Corbyon Liq. Store, 174 Misc. 1075; Gillette Safety Razor Co. v. Green, 167 Misc. 251; Fogel v. Bolet, 194 Misc. 1019, 1024.)
From the papers it may well be that the defendant may assert a conspiracy on the part of the plaintiffs to enforce the act as against the defendant and leave themselves free to sell below the prices fixed under the fair-trade agreements. Such a defense if established could defeat the plaintiffs’ cause of action (Costa v. Century Drug, N. Y. L. J., Dec. 30, 1939, p. 2385, col. 1; General Elec. Co. v. Macy & Co., supra; General Elec. Co. v. Klein-on-the-Square, supra, p. 54). Violations are charged against the defendant occurring since November, 1953. Nevertheless no adequate proof of damage is furnished. Nor is there a sufficient indication that irreparable damage will arise in the event temporary relief is denied. Under all the circumstances, therefore, the drastic relief prayed for should not be invoked until the issues have been tried and a determination made thereon.
The motion is denied.