■ CARRIE CHAPPELLE, Respondent, v. GERRY ESTATES, INC., et al., Appellants.— In an action brought against the owner and lessee of land (which lessee is the owner of the building thereon erected) by an employee of a tenant to recover damages for personal injuries suffered as a consequence of slipping in front of an elevator door and falling down the elevator shaft, the appeal is from a judgment entered on a jury's verdict for $25,000 in favor of respondent and against appellants. Judgment reversed and a new trial granted, with costs to abide the event, unless within 20 days after the entry of the order hereon respondent stipulate to reduce the verdict to $15,000, in which event the judgment as so reduced is affirmed, without costs. In our opinion the verdict is excessive. Nolan, P. J., Beldock and Hallinan, JJ., concur; Murphy and Ughetta, JJ., dissent insofar as the reversal is conditional and vote to reverse and to grant a new trial, on the ground that the verdict is against the weight of the credible evidence, with the following memorandum: In determining that the door gave way under the impact of respondent's falling body, which weighed only 115 pounds, the jury did not give proper consideration as to whether respondent forced open the bottom of the door under the stress of mental disorder.

■ MARION J. DALY, Appellant, v. SUFFOLK COUNTY REAL ESTATE COMPANY, INC., et al., Resondents.— Appeal from an order of the County Court, Suffolk County, resettling a judgment directing specific performance of a contract for the sale of real property. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs (see *Herpe* v. *Herpe,* 225 N. Y. 323). Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ. concur.

■ RALPH V. FRASCA et al., Appellants, v. ELI WILSON, Respondent.— In an action under section 369-b of the General Business Law, the appeal is from an order denying appellants' motion for an injunction *pendente lite.* Order affirmed, with $10 costs and disbursements. The evidence of violations, by appellants, of the same statute under which they seek to enjoin respondent, was sufficient to warrant denial of the application (*Pordes* v. *Lythe,* 2 Misc 2d 323). Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ. concur.

■ DOLORES GRECO, Respondent, v. SAMUEL NIDITCH, Appellant.— In an action against a dentist to recover damages for a fractured jaw and related injuries resulting from alleged malpractice in the extraction of a tooth, the appeal is from a judgment in favor of respondent entered on the verdict of a jury. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ. [See *post,* p. 819.]