Henry A. Hudson, J.
This is an application for an injunction pendente lite to restrain the defendants from interfering with the alleged natural channel of a stream commonly known as Mud Creek in the Town of New Hartford, Oneida County, New York.
The plaintiffs, whose property adjoins the defendants’, upstream on Mud Creek, so-called, allege that the defendants have placed an obstruction across the natural channel of the stream and have dug a ditch or new channel to an old mill race so that the water of the creek is diverted from its natural channel to the abandoned mill race and that, as a result of the dam and a further filling in of the natural channel of the creek behind the dam, the natural flow of the stream has been interfered with and held back to the extent that waters of the creek have been caused to back up on the lands of the plaintiff doing a substantial amount of damage thereto. The plaintiffs allege that the construction of such dam was commenced in November, 1953; and, therefore, nearly five years have elapsed since the commencement of the acts of the defendants now complained of by the plaintiffs. The plaintiffs allege in their complaint that their damage includes the washing *54 away of the banks of the creek upon their land, destruction of trees upon their land, damage and destruction of fencing, damage to the foundation of the plaintiffs’ barn and interference with the plaintiffs’ enjoyment of their property.
The defendants in their answer and in their affidavits submitted in opposition to the application, deny that they have interfered with the natural flow of the stream by diverting a portion of the flow over a different portion of their own premises; that any interference with the flow of the stream has taken place upon the defendants’ own property and that nothing which has been done by the defendants has caused any water to back up on any portion of the plaintiffs’ land.
There is, therefore, a sharp conflict of fact. Upon the argument of the motion, counsel for both parties presented to the court numerous photographs of the conditions claimed to be present, but in the opinion of the court, the facts presented upon the application both in the affidavits of the parties and in the photographs were insufficient to show any serious, threatening circumstances or condition indicating damage or serious injury to the plaintiffs’ property. It was indicated to the court that only on one occasion during the Spring freshets there was a serious flooding in the creek upon the plaintiffs ’ premises. There is nothing of a specific nature pointing to any danger or any irreparable loss or damage to the plaintiffs ’ premises as a result of the alleged wrongful acts of the defendants.
As I have pointed out the defendants categorically deny any damage to or interference with the lands of the plaintiffs. It would, therefore, appear to the court that the conditions complained of by the plaintiffs are not of a sufficiently serious or threatening nature to the rights of the plaintiffs and do not indicate that the plaintiffs will suffer any irreparable loss or damage by the continuance thereof pending the trial of the action so that the drastic relief of a temporary injunction pending a trial of the issues is warranted.
The stream in my opinion, is a natural watercourse. (Barkley v. Wilcox, 86 N. Y. 140.)
The plaintiffs, if they are able to establish that the obstruction placed in the stream by the defendants has caused water to back up upon plaintiffs’ land, would be entitled to recover any damages sustained by them and to the necessary injunctive relief to prevent the continuance thereof. (Billerio v. Foti, 198 Misc. 88; Brown v. Neely, 197 Misc. 173.)
The plaintiffs do not specify in their moving papers the statutory authority under which they are proceeding but upon *55 the argument indicated that they are relying upon sections 877 and 878 of the Civil Practice Act in respect to their application for an injunction pendente lite. I am of the opinion that only section 877 would entitle them to relief. Section 877 reads as follows: ‘ ‘ Where it appears from the complaint that the plaintiff demands and is entitled to a judgment against the defendant restraining the commission or continuance of an act, the commission or continuance of which during the pendency of the action would produce injury to the plaintiff, an injunction order may he granted to restrain it. The case provided for in this section is described in this act as a case where the right to an injunction depends upon the nature of the action.”
There are innumerable decisions upon applications of this kind and the law seems very well established that a temporary injunction will only be granted where irreparable injury is threatened and where the right thereto is established with indisputable clearness. This is particularly true where a temporary mandatory injunction is sought as is the case here, at least in part. (People ex rel. McGoldrick v. Follette, 199 Misc. 492; Gavrilov v. Duell, Sloan & Pearce, 81 N. Y. S. 2d 474; Tripp, A Guide To Motion Practice, pp. 324 — 330.) This type of injunction is usually granted only when it is essential to maintain the status quo pending the trial of the action. (Kakalios v. Mesevich, 259 App. Div. 112.) This court considered this question and some of the applicable authorities in granting such an injunction in the case of Tucci v. Giarrusso (123 N. Y. S. 2d 238). (See, also, Pordes v. Lythe, 2 Misc 2d 323.) The granting of a temporary injunction rests largely in the discretion of the court of original jurisdiction. (Walker Mem. Baptist Church v. Saunders, 285 N. Y. 462; Colson v. Pelgram, 259 N. Y. 370; Cohen v. Queenshorough Farm Prods., 104 N. Y. S. 2d 557.)
I am satisfied that this case does not present the existence of any facts or circumstances from which the court would be justified in considering that the plaintiffs are threatened with irreparable injury or damage so as to be entitled to the drastic relief of a temporary injunction. In fact the proof presented indicates that there is a sharp dispute as to nearly all of the material facts in the ease which can only be resolved by a trial of the issues. There is nothing in the facts or circumstances presented to the court which leads it to believe that the status quo of the parties must be maintained. In fact it appears that the status quo of the parties has been substantially *56 maintained for upwards of four years since the acts of the defendants which are complained of by the plaintiffs originated.
Plaintiffs’ application for an injunction pendente lite is, therefore denied, with $10 costs.