Louis L. Friedman, J.
In an action to enjoin the defendant from Adulating a fair-trade agreement with respect to the prices of certain drug commodities, plaintiffs move before this court for a temporary injunction, restraining and enjoining the defendant from selling or offering to sell any of the products at a price below those established in said contracts. The relief in the action is sought under the provisions of section 369-a of the General Business Law. The moving papers assert that defendant has consistently sold various items of merchandise, described in said papers, at prices substantially below those *474 set forth in the fair-trade agreements. Affidavits substantiating these claims are made part of the moving papers. The answering affidavits deny the claimed sales at so-called bargain prices and allege affirmatively that the plaintiffs herein may not be heard to complain since plaintiffs’ pharmacy itself sells the said merchandise below the so-called fair-trade prices. An affidavit to that effect indicating such a purchase from plaintiffs ’ pharmacy and from others is part of the answering affidavits. Confronted with these conflicting affidavits, the court may not say that plaintiffs are entitled at this time to the drastic relief of a restraining order. To grant such relief at this time would give to the plaintiffs, prior to the trial, all of the relief to which it would be entitled if it were successful upon trial, and our courts have consistently held that such may not be done. In Weinberg v. Bennett (281 App. Div. 1043) the Appellate Division in this department affirmed an order which denied plaintiff’s motion for a temporary injunction under section 369-a of the General Business Law. There seems to be nothing in the papers before the court which indicates that these plaintiffs are entitled to any different disposition.
Accordingly, the motion is in all respects denied.