Samuel H. Hofstadter, J.
Plaintiff’s complaint is by a pharmacist retailer against defendants, likewise engaged in retail as well as wholesale business, under sections 369-a and 369-b of the General Business Law. It seeks to enforce the fair-trade contract of the manufacturers listed in the complaint.
It would seem desirable to hold decision within narrow compass, to avoid judicial involvement in an underlying basic issue essentially economic, with overtones of a nature political in a broad sense. For there is a fundamental clash of interests between the producer and distributor of merchandise on the one hand, and the consumer on the other.
The latter is interested in purchasing goods at the lowest price possible; he is not concerned with whether the manufacturer or dealer makes a normal profit, or any. The manufacturer and middleman, however, are concerned that the production and distribution sequence should provide a margin of profit; and should as well afford scope for machinery replacement, research and experiment, as well as for retailing facilities. The contest has been transferred to the national stage at this session of Congress. A Federal “ fair trade ” bill has been proposed as indeed favoring fair trade, and as an aid to small *592 business. But it is opposed by executive and administrative agencies, as a device to restrain trade and divide the market.
Those opposed to the fair-trade principle and practice maintain that such laws are not salutary and that ‘ ‘ fair trading ’ ’ is in effect “ unfair pricing ”, i.e., price fixing. Their opponents, however, insist that this is not price fixing by government; and that in free enterprise, manufacturer and retailer deserve the same protection enjoyed by labor and agriculture.
Doubtless these sharp differences in attitudes have contributed to the variance in determining the constitutional competency of these enactments. Though invalidated in some jurisdictions they have been held constitutional in others, including our own State. The matter, then, is for application of our statute. But it seems indicated that the statute be strictly applied and within the traditional framework of equitable principles when drastic injunctive relief is sought. Thus viewed, the record here will not justify intervention by the court.
The evidence indicated that the suit was sponsored by the New York State Pharmacy Association; an association comprised of retailers, all of whom compete with each other. The plaintiff testified that he never complained to the defendants, but he had asked the association to bring this suit for him. The fair-trade booklet as well as the fair-trade letters were sent not by any manufacturer, but by an association of retailers Avith a view to fixing prices at the retail level of competition.
The evidence, too, reveals that defendants are licensed drug wholesalers as well as having a pharmacy license. Their place of business is located in a commercial area over one mile from plaintiff’s place of business. Though plaintiff complained to the association of which he is a member about other stores located, on 17th Street — in closer proximity to defendant’s place of business than that of plaintiff — Avith respect to their sales at competitive rather than alleged fair-trade prices, apparently no action Avas taken. It is noteworthy that plaintiff neAmr notified the defendants of any alleged damages to his business.
Among other issues raised, is that plaintiff himself sold the products of manufacturers listed in the complaint at prices less than' the alleged fair-trade prices mentioned therein, and that plaintiff was therefore barred from obtaining any relief under the General Business Law. This defense is a valid bar to relief.
Defendant’s witness Dwoskin testified that the plaintiff himself on at least two occasions gave discounts and failed to collect the applicable sales and excise taxes. It is reasonably inferable that this was all in the course of the day’s work and not isolated transactions. Thus, it may be concluded that this *593 particular (nominal) plaintiff himself resorted to practices that are within the ambit of condemnation as unfair competition. It will not lie in his mouth to urge that the sum or sums were trifling and of marginal measure — and that the principle of de minimis is operative. For, indeed, in these and similar transactions, the principal amounts themselves are not large frequently ; and the diminution in price which gives rise to the claim of unfair practice is even more trifling.
In this view, the plaintiff may not have the drastic equitable relief of injunction (Modin Chemists v. Howard & Linder Drug Co., N. Y. L. J., April 6,1959, p. 13, col. 6; Mandell v. Lowerre’s Pharmacy, N. Y. L. J., March 9, 1959, p. 15, col. 1; Anderson v. Sonbac Sales Corp., 19 Misc 2d 473; Center Lane Pharmacy v. Stein, N. Y. L. J., Feb. 20, 1959, p. 15, col. 5; see, also, Fogel v. Bolet, 194 Misc. 1019; Weisinger v. Rae, 19 Misc 2d 341; Pordes v. Lythe, 2 Misc 2d 323).
Moreover, plaintiff failed to prove that the manufacturers listed in the complaint are authorized or empowered to enforce fair-trade contracts in the State of New York or that they fall within the category of those firms permitted to enforce fair-trade contracts (see Automotive Elec. Service Corp. v. Times Sq. Stores, Corp., 175 Misc. 865; Faber, Coe & Gregg v. Korvette, N. Y. L. J., Sept. 28, 1956, p. 6, col. 5).
Complaint dismissed and judgment for the defendants, accordingly. The foregoing constitutes the decision of the court under section 440 of the Civil Practice Act.
Settle judgment.