Aron Steuer, J.
This is a motion for a preliminary injunction in an action for a permanent injunction pursuant to the *225 Fair Trade Law (General Business Law, § 369-a et seq.) Both parties are retail druggists. That the action can be maintained by a competitor as well as a manufacturer is now settled (Calamia v. Goldsmith Bros., 299 N. Y. 636). Both parties have stores in New York’s lower east side and it is undisputed that this is a highly competitive area and commercial survival often depends on the ability to sell at the lowest possible price. For this reason the action and this motion are of great significance to the parties.
Defendant has several grounds of resistance. The first is that plaintiff is guilty of the same practices it seeks to enjoin. It is not entirely clear whether this constitutes a defense. It has been held that it does (Frasca v. Wilson, 2 A D 2d 762) and there are Special Term decisions both ways. However, the present tendency is not to countenance the defense in actions where business practices which are prohibited by statute are enforcible at the behest of an individual (Trebuhs Realty Co. v. News Syndicate Co., 107 F. Supp. 595). The injunction is allowed because defendant’s conduct is injurious to the public interest, and plaintiff’s conduct does not make it less injurious. However, placing the enforcement of the statute in the hands of competitors of the violator is almost certain to induce its use for ulterior purposes. And to this the court is reluctant to become a party. Doubtless this explains the fact that the defense has been recognized. But in the scheme of the statute it can have no place.
The second defense is that in a similar action against the corporation which owned the drugstore before defendant purchased it, plaintiff slept on its rights for a period of five years; preliminary injunction was not enforced and a final injunction was entered on consent only when the then defendant was going-out of business. Many factors might explain this conduct but in any event it is not a defense.
The last defense is factual. As to some of the sales established as below fair-trade prices defendant concedes the facts and explains that they were made during a period that the store was being operated by its predecessor prior to defendant’s taking full control. As to the balance, it denies that fair-trade contracts exist as to the products sold. Plaintiff’s proof on this issue consists of a pamphlet issued periodically by an association and purporting to list all products in the industry as to which the manufacturers have made fair-trade contracts. It has been specifically held that this pamphlet does not constitute proof (De Candido v. Wagonfeld, 19 Misc 2d 591). Of course, it could be made proof by the introduction of a proper *226 foundation. But as it is entirely unsubstantiated, it cannot prevail on this motion against defendant’s denials.
The motion is denied. Plaintiff may, if advised, move de mm on proper proof.